# EXHIBIT 1

# CT Corporation

IRC

## Service of Process Transmittal
05/20/2020
CT Log Number 537688929

**TO:**     Johnette Davenport
Flowserve Corporation
5215 N O Connor Blvd Ste 2300
Irving, TX 75039-5418

**RE:**     **Process Served in Illinois**

**FOR:**    Flowserve US Inc.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | WANDA M. HELLMER, Special Administrator of the ESTATE OF DAVID C. HELLMER, SR., DECEASED, PLTF. vs. A.O. SMITH CORPORATION, ET AL., DFTS. // TO: FLOWSERVE US INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 2020L000345 |
| **NATURE OF ACTION:** | Asbestos Litigation - Fatal Injury/Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/20/2020 at 12:47 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/20/2020, Expected Purge Date: 05/25/2020 |
| | Image SOP |
| | Email Notification,  Tiffiney Rogers  trogers@flowserve.com |
| | Email Notification,  Andrea Santa Maria  asantamaria@smsm.com |
| | Email Notification,  Johnette Davenport  JDavenport@flowserve.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| **For Questions:** | 866-665-5799 SouthTeam2@wolterskluwer.com |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DEBTORS_00009043



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, May 20, 2020

**Server Name:**             Nicholas Currie

**Location:**                Chicago, IL-CHI


Entity Served               FLOWSERVE US INC.

Agent Name                  C T CORPORATION SYSTEM

Case Number                 2020L 000345

Jurisdiction                IL-CHI



DEBTORS_00009044

19-0074M LRW/dg

STATE OF ILLINOIS       )
                        ) §
COUNTY OF MADISON  )

IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

WANDA M. HELLMER, Special Administrator of the
Estate of DAVID C. HELLMER, SR., Deceased,

                    Plaintiff,                    No. 20 L 000345

          vs.

A.O. SMITH CORPORATION, et al.

                    Defendants.

## SUMMONS

**Defendant:**   **FLOWSERVE US INC., f/k/a FLOWSERVE PUMP CORP., Individually, and as Successor-in-Interest
to ALDRITCH PUMP COMPANY, R/A: C.T. Corporation System, 208 S. LaSalle Street, Suite 814,
Chicago, IL 60604**

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case, a
copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court within
30 days after service of this summons, exclusive of the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR
DECREE BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF PRAYED IN THE COMPLAINT.

Officer:

This summons must be returned by the officer or other person to whom it was given for service,
with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this
summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS: MARK VON NIDA, the Clerk of the Circuit Court and the seal
thereof at Edwardsville, Illinois.    5/6/2020 4:20 PM

Name: COONEY & CONWAY                          /s/ Mark Von Nida
Attorneys for: Plaintiff(s)                    Clerk of the Circuit Court
Address: 120 N. LaSalle St., Floor _____, 2020
City/State/Zip: Chicago, IL                              Clerk of Court
Telephone: (312) 236-6166

Date of Service: _____, 2020
(To be inserted by Officer on copy left with Defendant or other person)

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

19-0074M LRW/ms

***EFILED***
Case Number 2020L 000345
Date: 3/16/2020 10:17 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

STATE OF ILLINOIS    )
                  ) §
COUNTY OF MADISON )

IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, | IN RE:  ASBESTOS LITIGATION |
| Plaintiff, | NO: |
| vs. | **2020L 000345** |

A.O. SMITH CORPORATION;
A.W. CHESTERTON COMPANY;
AFC-HOLCROFT, LLC, Individually, and as Successor-in-
    Interest to HOLCROFT;
AFC-HOLCROFT, LLC, Individually, and as Successor-in-
    Interest to PACIFIC INDUSTRIAL FURNACE
    COMPANY (PIFCO);
AIR & LIQUID SYSTEMS CORPORATION, as Successor-
    by-Merger to BUFFALO PUMPS, INC.;
AMERON INTERNATIONAL CORPORATION,
    Individually, and as Successor-in-Interest to
    BONDSTRAND, LTD.;
AMERON INTERNATIONAL CORPORATION;
ARKEMA, INC., Individually and as Successor-in-
    Interest to PENNWALT CORPORATION;
ARMSTRONG INTERNATIONAL, INC.;
ARMSTRONG PUMPS, INC.;
AURORA PUMP COMPANY;
BASF CORPORATION;
BEAZER EAST, INC., formerly known as KOPPERS
    COMPANY, INC.;
BMI REFRACTORY SERVICES, INC., Successor-in-
    Interest to ADIENCE, INC.;
BORGWARNER MORSE TEC LLC, Successor-by-Merger
    to BORG-WARNER CORPORATION;
BRYAN STEAM CORPORATION;
BURNHAM, LLC, f/k/a BURNHAM BOILER CO.;
BW/IP, INC.;
CARRIER CORPORATION, a Delaware Corporation;
CBS CORPORATION, a Delaware Corporation, f/k/a
    VIACOM INC., Successor by Merger to CBS
    CORPORATION, a Pennsylvania Corporation,
    f/k/a WESTINGHOUSE ELECTRIC
    CORPORATION;

DEBTORS_00009046

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

CHAMPLAIN CABLE CORPORATION, Individually, and
as Successor-in-Interest to AMERICAN SUPER
TEMPERATURE WIRE, Successor-in-Interest to
HAVEG INDUSTRIES, INC. and Successor-by-
Merger to HAVEG CORPORATION;

CHICAGO GASKET COMPANY;

CHICAGO-WILCOX MANUFACTURING COMPANY;

CLEAVER-BROOKS, INC.;

COMPUDYNE CORPORATION, Successor by Merger to
YORK-SHIPLEY, INC.;

COPES-VULCAN, INC.;

CRANE CO.;

CROWN, CORK AND SEAL, USA, INC.;

DANA COMPANIES, LLC;

DAP, INC.;

DEZURIK, INC.;

ELECTROLUX HOME PRODUCTS, INC., as Successor-in-
Interest to BLAW-KNOX CONSTRUCTION
EQUIPMENT MANUFACTURING
CORPORATION;

F.B. WRIGHT COMPANY, A MICHIGAN CORPORATION;

FEDERAL-MOGUL U.S. Asbestos Personal Injury Trust,
as Successor to the former VELLUMOID
Division of FEDERAL-MOGUL;

FEDERAL-MOGUL U.S. Asbestos Personal Injury Trust,
as Successor to FELT-PRODUCTS
MANUFACTURING CO.;

FLOWSERVE US INC., a.k.a. FLOWSERVE PUMP CORP.,
Individually, and as Successor-in-Interest to
ALDRICH PUMP COMPANY;

FLOWSERVE US INC., as Successor-in-Interest to
DURAMETALLIC CORPORATION;

FLOWSERVE US, INC. a.k.a. FLOWSERVE PUMP CORP.,
Individually, and as Successor-in-Interest to
THE EDWARD VALVE AND MANUFACTURING
COMPANY, and as Successor-In-Interest to
ROCKWELL MANUFACTURING COMPANY;

FLOWSERVE US, INC., a.k.a. FLOWSERVE PUMP CORP.,
Individually, and as Successor-in-Interest to
DURCO PUMPS;

FMC CORPORATION, Individually, and as Successor-in-
Interest to CHICAGO PUMP COMPANY;

FMC CORPORATION;

FOSECO, INC.;

FOSTER WHEELER ENERGY CORPORATION;

GARDNER DENVER, INC., Individually, and as
Successor-in-Interest to NASH ENGINEERING
COMPANY;

GARDNER DENVER, INC.;

GENERAL ELECTRIC COMPANY;

GENUINE PARTS CO.;

DEBTORS_00009047

GOULDS PUMPS, INC.;
GREENE, TWEED & CO.;
GRINNELL, LLC;
H.B. FULLER COMPANY;
HOWDEN BUFFALO, INC.;
IMO INDUSTRIES, INC.;
INGERSOLL-RAND COMPANY;
INTERLINE BRANDS, INC., f/k/a WILMAR INDUSTRIES,
          INC.;
INTERLINE BRANDS, INC., Individually and as
          Successor-in-Interest to WILMAR INDUSTRIES,
          INC.;
ITT CORPORATION f/k/a BELL & GOSSETT PUMP
          COMPANY;
ITT CORPORATION, Individually, and as Successor-in-
          Interest to HOFFMAN SPECIALTY;
ITT INDUSTRIES, INC., Individually, and as Successor-in-
          Interest to McDonnell & Miller, Inc.;
J.A. SEXAUER, INC., A NEW YORK CORPORATION;
JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY;
JOY GLOBAL UNDERGROUND MINING, LLC f/k/a JOY
          TECHNOLOGIES, LLC;
KELSEY-HAYES COMPANY;
LINDBERG;
MARSHALL ENGINEERED PRODUCTS COMPANY, LLC;
McMASTER-CARR SUPPLY COMPANY;
METROPOLITAN LIFE INSURANCE CO.;
PARKER-HANNIFIN CORPORATION;
PHARMACIA LLC f/k/a PHARMACIA CORPORATION
          f/k/a MONSANTO COMPANY;
PNEUMO-ABEX, as Successor-in-Interest to ABEX
          CORPORATION;
RIC-WIL, INC.;
RILEY POWER, INC.;
ROGER ZATKOFF COMPANY;
RUST ENGINEERING AND CONSTRUCTION, INC.;
SEALITE, INC.;
SEPCO CORP.;
SPENCE ENGINEERING COMPANY, INC.;
SPIRAX SARCO, INC.;
SPRINKMANN SONS CORPORATION OF WISCONSIN;
STANDARD FUEL ENGINEERING COMPANY;
STERLING FLUID SYSTEMS (USA) LLC;
SURFACE COMBUSTION, INC.;
TACO, INC.;
TENNECO, INC.;
THIEM CORPORATION and its Division, UNIVERSAL
          REFRACTORIES COMPANY;
TRANE U.S., INC.;
TWIN CITY CLARAGE, INC.;
UNION CARBIDE CORPORATION;

DEBTORS_00009048

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7D4035CA

UNION PUMPS COMPANY f/k/a David Brown Union
    Pump Company;
UNIROYAL, INC.;
WARREN PUMPS, LLC;
WATTS REGULATOR COMPANY;
WEIL-MCLAIN;
WELTON RUBBER COMPANY, Individually, and as
    Successor-In-Interest to WELTON RUBBER AND
    ASBESTOS COMPANY;
WILMAR INDUSTRIES, INC., Individually and Successor-
    in-Interest to SEXAUER, INC.;
WTI-RUST HOLDINGS, INC. f/k/a RUST
    INTERNATIONAL, INC., a Delaware Corporation
    in their own right, and as Successor-in-Interest
    to M.W. KELLOGG COMPANY and SWINDELL
    RUST DIVISION;
YUBA HEAT TRANSFER, LLC;
ZURN INDUSTRIES, LLC f/k/a ZURN INDUSTRIES, INC.,

          Defendants.

## COMPLAINT AT LAW

## COUNT 1

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY and CONWAY, and for her cause of action against the Defendants, individually and concurrently, states:

1.      The Plaintiff, WANDA M. HELLMER, resides in South Lyon, Michigan.

2.      The Plaintiff is the duly appointed Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, pursuant to an Order of the Circuit Court of Madison County, Illinois.

3.      Plaintiff brings this action pursuant to 740 ILCS 180/1-et seq.

4.      WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs:

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

DEBTORS_00009049

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

5.     The Plaintiff's Decedent, DAVID C. HELLMER, SR., was employed from 1958 to 1979 in various capacities, including Pipefitter and Steamfitter, at various locations.

6.     During the course of his employment, non-occupational work projects (including, but not limited to, home and automotive repairs, maintenance and remodeling) and/or in other ways, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers emanating from certain products that he worked with and around which were manufactured, sold, distributed, marketed or installed by the Defendants: A.W. CHESTERTON COMPANY; CRANE CO.; H.B. FULLER COMPANY; UNION CARBIDE CORPORATION; UNIROYAL, INC.; CROWN, CORK AND SEAL, USA, INC.; JOHN CRANE, INC. f/k/a CRANE PACKING COMPANY; DANA COMPANIES, LLC; FEDERAL-MOGUL U.S. Asbestos Personal Injury Trust, as Successor to the former VELLUMOID Division of FEDERAL-MOGUL; FEDERAL-MOGUL U.S. Asbestos Personal Injury Trust, as Successor to FELT-PRODUCTS MANUFACTURING CO.; SEPCO CORP.; PARKER-HANNIFIN CORPORATION; CHICAGO GASKET COMPANY; GREENE, TWEED & CO.; FLOWSERVE US INC., as Successor-in-Interest to DURAMETALLIC CORPORATION; DAP, INC.; INGERSOLL-RAND COMPANY; GOULDS PUMPS, INC.; STERLING FLUID SYSTEMS (USA) LLC; FMC CORPORATION; GARDNER DENVER, INC.; JOY GLOBAL UNDERGROUND MINING, LLC f/k/a JOY TECHNOLOGIES, LLC; IMO INDUSTRIES, INC.; BW/IP, INC.; AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to BUFFALO PUMPS, INC.; ITT CORPORATION f/k/a BELL & GOSSETT PUMP COMPANY; AURORA PUMP COMPANY; FLOWSERVE US, INC., a.k.a. FLOWSERVE PUMP CORP., Individually, and as Successor-in-Interest to DURCO PUMPS; ARMSTRONG PUMPS, INC.; TACO, INC.; FMC CORPORATION, Individually, and as Successor-in-Interest to CHICAGO PUMP COMPANY; ITT CORPORATION, Individually, and as Successor-in-Interest to HOFFMAN SPECIALTY; WARREN PUMPS, LLC; ARMSTRONG INTERNATIONAL, INC.; SPIRAX SARCO, INC.; GENERAL ELECTRIC COMPANY; CBS CORPORATION, a Delaware Corporation, f/k/a VIACOM INC., Successor by Merger to CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; FLOWSERVE US, INC. a.k.a. FLOWSERVE PUMP CORP., Individually, and as Successor-in-Interest to THE EDWARD VALVE AND MANUFACTURING COMPANY, and as Successor-In-Interest to ROCKWELL MANUFACTURING COMPANY;

Page **5** of 27

DEBTORS_00009050

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA036CA

GRINNELL, LLC; DEZURIK, INC.; MARSHALL ENGINEERED PRODUCTS COMPANY, LLC; SPENCE

ENGINEERING COMPANY, INC.; COPES-VULCAN, INC.; FOSTER WHEELER ENERGY CORPORATION; RILEY

POWER, INC.; CLEAVER-BROOKS, INC.; A.O. SMITH CORPORATION; TRANE U.S., INC.; ZURN INDUSTRIES,

LLC f/k/a ZURN INDUSTRIES, INC.; WEIL-MCLAIN; BURNHAM, LLC, f/k/a BURNHAM BOILER CO.; YUBA

HEAT TRANSFER, LLC; CARRIER CORPORATION, a Delaware Corporation; BRYAN STEAM CORPORATION;

COMPUDYNE CORPORATION, Successor by Merger to YORK-SHIPLEY, INC.; HOWDEN BUFFALO, INC.;

TWIN CITY CLARAGE, INC.; BEAZER EAST, INC., formerly known as KOPPERS COMPANY, INC.; THIEM

CORPORATION and its Division, UNIVERSAL REFRACTORIES COMPANY; FOSECO, INC.; LINDBERG; SURFACE

COMBUSTION, INC.; RUST ENGINEERING AND CONSTRUCTION, INC.; WTI-RUST HOLDINGS, INC. f/k/a

RUST INTERNATIONAL, INC., a Delaware Corporation in their own right, and as Successor-in-Interest to

M.W. KELLOGG COMPANY and SWINDELL RUST DIVISION; PNEUMO-ABEX, as Successor-in-Interest to

ABEX CORPORATION; BORGWARNER MORSE TEC LLC, Successor-by-Merger to BORG-WARNER

CORPORATION; GENUINE PARTS CO.; TENNECO, INC.; SPRINKMANN SONS CORPORATION OF WISCONSIN;

BMI REFRACTORY SERVICES, INC., Successor-in-Interest to ADIENCE, INC.; McMASTER-CARR SUPPLY

COMPANY; AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT; AFC-HOLCROFT,

LLC, Individually, and as Successor-in-Interest to PACIFIC INDUSTRIAL FURNACE COMPANY (PIFCO);

AMERON INTERNATIONAL CORPORATION, Individually, and as Successor-in-Interest to BONDSTRAND,

LTD.; AMERON INTERNATIONAL CORPORATION; CHAMPLAIN CABLE CORPORATION, Individually, and as

Successor-in-Interest to AMERICAN SUPER TEMPERATURE WIRE, Successor-in-Interest to HAVEG

INDUSTRIES, INC. and Successor-by-Merger to HAVEG CORPORATION; CHICAGO-WILCOX

MANUFACTURING COMPANY; ELECTROLUX HOME PRODUCTS, INC., as Successor-in-Interest to BLAW-

KNOX CONSTRUCTION EQUIPMENT MANUFACTURING CORPORATION; F.B. WRIGHT COMPANY, A

MICHIGAN CORPORATION; FLOWSERVE US INC., a.k.a. FLOWSERVE PUMP CORP., Individually, and as

Successor-in-Interest to ALDRICH PUMP COMPANY;  GARDNER DENVER, INC., Individually, and as

Successor-in-Interest to NASH ENGINEERING COMPANY; INTERLINE BRANDS, INC., f/k/a WILMAR

INDUSTRIES, INC.; INTERLINE BRANDS, INC., Individually and as Successor-in-Interest to WILMAR

DEBTORS_00009051

INDUSTRIES, INC.; ITT INDUSTRIES, INC., Individually, and as Successor-in-Interest to McDonnell & Miller, Inc.; J.A. SEXAUER, INC., A NEW YORK CORPORATION; RIC-WIL, INC.; ROGER ZATKOFF COMPANY; SEALITE, INC.; STANDARD FUEL ENGINEERING COMPANY; UNION PUMPS COMPANY f/k/a David Brown Union Pump Company; WATTS REGULATOR COMPANY; WELTON RUBBER COMPANY, Individually, and as Successor-In-Interest to WELTON RUBBER AND ASBESTOS COMPANY; WILMAR INDUSTRIES, INC., Individually and Successor-in-Interest to SEXAUER, INC. ("Defendants"). (See Exhibit "A" Attached Hereto)

7.     At all times herein set forth, the Defendants' products were being used in the manner and for the purposes for which they were intended.

8.     DAVID C. HELLMER, SR.'s exposure to and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was foreseeable and could or should have been anticipated by the Defendants.

9.     The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

10.     The Plaintiff's Decedent, DAVID C. HELLMER, SR., suffered from an asbestos-related disease, including Mesothelioma, and became aware of said disease on or about January 9, 2019, and, subsequently thereto, became aware that the same was wrongfully caused.

11.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff's Decedent and others working with and around the asbestos-containing products of the Defendants.

12.     The Defendants failed to exercise ordinary care and caution for the safety of DAVID C. HELLMER, SR. in one or more of the following respects:

(a)     Included asbestos in their products, even though it was foreseeable and could or should have been anticipated that persons such as DAVID C. HELLMER, SR. working with or around them would inhale, ingest or otherwise absorb asbestos;

Page **7** of 27

DEBTORS_00009052

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

(b)   Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c)   Included asbestos in their products when adequate substitutes for the asbestos in them was available;

(d)   Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

(e)   Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f)   Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as DAVID C. HELLMER, SR. might be exposed while working with the products;

(g)   Marketed and/or distributed a product containing asbestos fibers;

(h)   Failed to provide instruction as to what appropriate apparel, if any, would be safe to wear while using and/or working in proximity to the Defendants' products;

(i)   Failed to develop alternative, non-asbestos containing products in a timely manner;

(j)   Failed to inform users that asbestos containing products caused asbestosis and cancer in laboratory animals and humans; and,

(k)   Failed to provide safe packaging for its products.

DEBTORS_00009053

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

13.     That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendants, DAVID C. HELLMER, SR. was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing DAVID C. HELLMER, SR. to develop Mesothelioma, which ultimately led to his death on March 2, 2019; DAVID C. HELLMER, SR., prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced disease and conditions; DAVID C. HELLMER, SR. prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, DAVID C. HELLMER, SR. was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his estate; further, by reason of the death of DAVID C. HELLMER, SR., his family has been deprived of his means of support and has lost the society of DAVID C. HELLMER, SR.; lastly, substantial sums of money were expended by DAVID C. HELLMER, SR.'s Estate for funeral and burial.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

<u>COUNT 2</u>

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY and CONWAY, and for her cause of action against the Defendants, states:

1-13.     Plaintiff adopts and re-alleges paragraphs 1-13 of Count 1 as paragraphs 1-13 of Count 2 as though fully set forth herein.

14.     WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C. HELLMER, SR., Deceased.

DEBTORS_00009054

15.     Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendants, in an amount in excess of jurisdictional amount, plus costs.

## COUNT 3

### (PREMISES LIABILITY)

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT, alleges and says:

1.     The Defendant, AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT, owned, operated, managed, maintained and controlled the premises located at Holcroft & Company (Livonia, MI) from 1964 to 1979.

2.     The Defendant was and is doing business within the State of Illinois and has established the necessary minimal contacts within the State of Illinois.

3.     At the said times and places, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was lawfully on the premises owned and operated by the Defendant.

4.     At all times complained of herein, the Defendant had a duty to exercise reasonable care in the ownership and maintenance of its premises so that those lawfully invited upon the premises, including the Plaintiff's Decedent, would not be injured.

5.     At the time and places aforesaid, the Plaintiff's Decedent, due to the negligence of the Defendant, as will be more specifically alleged hereinafter, was caused to work with and/or around asbestos and friable asbestos-containing products and was frequently and regularly exposed to friable asbestos materials while upon the defendant's premises.

DEBTORS_00009055

6.      Notwithstanding its duties at said times and places, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a)     Carelessly and negligently permitted friable asbestos containing products to be used on its premises, when it knew, or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos;

(b)     Carelessly and negligently failed to provide any or any adequate warnings of the dangers of asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos, and that the Plaintiff's Decedent did not know of said dangers;

(c)     Otherwise, carelessly and negligently allowed the Plaintiff's Decedent to be exposed to asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos and that the Plaintiff's Decedent was being exposed to asbestos on its premises;

(d)     Otherwise carelessly and negligently failed to exercise reasonable care for the safety of those lawfully upon its premises, including the Plaintiff's Decedent.

7.      The said frequent and regular exposure to asbestos dust and asbestos fibers on the Defendant's premises has directly and proximately caused the Plaintiff's Decedent, DAVID C. HELLMER, SR., to develop an asbestos-related disease, specifically, Mesothelioma, and these injuries were not discovered until January 9, 2019, and which caused his death on March 2, 2019.

8.      WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

9.      By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next-of-kin have been caused to suffer great pecuniary losses and have been deprived of valuable service which the Deceased, DAVID C. HELLMER, SR., was accustomed to perform but for his death.

DEBTORS_00009056

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA036CA

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT, in an amount in excess of the jurisdictional amount.

## COUNT 4

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT, alleges and says:

1-7.    Plaintiff adopts and re-alleges paragraphs 1-7 of Count 3 as paragraphs 1-7 of Count 4 as though fully set forth herein.

8.    WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C. HELLMER, SR., Deceased.

9.    Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, AFC-HOLCROFT, LLC, Individually, and as Successor-in-Interest to HOLCROFT, in an amount in excess of jurisdictional amount, plus costs.

## COUNT 5

### (PREMISES LIABILITY)

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, BASF CORPORATION, alleges and says:

1.    The Defendant, BASF CORPORATION, owned, operated, managed, maintained and controlled the premises located at Wyandotte Chemical (a/k/a BASF) (Wyandotte, MI) from 1964 to 1979.

2.    The Defendant was and is doing business within the State of Illinois and has established the necessary minimal contacts within the State of Illinois.

DEBTORS_00009057

3.    At the said times and places, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was lawfully on the premises owned and operated by the Defendant.

4.    At all times complained of herein, the Defendant had a duty to exercise reasonable care in the ownership and maintenance of its premises so that those lawfully invited upon the premises, including the Plaintiff's Decedent, would not be injured.

5.    At the time and places aforesaid, the Plaintiff's Decedent, due to the negligence of the Defendant, as will be more specifically alleged hereinafter, was caused to work with and/or around asbestos and friable asbestos-containing products and was frequently and regularly exposed to friable asbestos materials while upon the defendant's premises.

6.    Notwithstanding its duties at said times and places, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

   (a)    Carelessly and negligently permitted friable asbestos containing products to be used on its premises, when it knew, or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos;

   (b)    Carelessly and negligently failed to provide any or any adequate warnings of the dangers of asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos, and that the Plaintiff's Decedent did not know of said dangers;

   (c)    Otherwise, carelessly and negligently allowed the Plaintiff's Decedent to be exposed to asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos and that the Plaintiff's Decedent was being exposed to asbestos on its premises;

   (d)    Otherwise carelessly and negligently failed to exercise reasonable care for the safety of those lawfully upon its premises, including the Plaintiff's Decedent.

7.    The said frequent and regular exposure to asbestos dust and asbestos fibers on the Defendant's premises has directly and proximately caused the Plaintiff's Decedent, DAVID C. HELLMER, SR., to develop an asbestos-related disease, specifically, Mesothelioma, and these injuries were not discovered until January 9, 2019, and which caused his death on March 2, 2019.

DEBTORS_00009058

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA035CA

8.      WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR.,

Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

9.      By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next-of-kin have

been caused to suffer great pecuniary losses and have been deprived of valuable service which the

Deceased, DAVID C. HELLMER, SR., was accustomed to perform but for his death.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, demands judgment against the Defendant, BASF CORPORATION, in an amount

in excess of the jurisdictional amount.

COUNT 6

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the

Defendant, BASF CORPORATION, alleges and says:

1-7.     Plaintiff adopts and re-alleges paragraphs 1-7 of Count 5 as paragraphs 1-7 of Count 6 as

though fully set forth herein.

8.      WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased.

9.      Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the

disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of the aforesaid

wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, demands judgment against the Defendant, BASF CORPORATION, in an amount

in excess of jurisdictional amount, plus costs.

Page **14** of **27**

COUNT 7

(PREMISES LIABILITY)

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, PHARMACIA LLC f/k/a PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, alleges and says:

1.    The Defendant, PHARMACIA LLC f/k/a PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, owned, operated, managed, maintained and controlled the premises located at Monsanto Chemical Plant (Detroit/Trenton, MI) from 1964 to 1979.

2.    The Defendant was and is doing business within the State of Illinois and has established the necessary minimal contacts within the State of Illinois.

3.    At the said times and places, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was lawfully on the premises owned and operated by the Defendant.

4.    At all times complained of herein, the Defendant had a duty to exercise reasonable care in the ownership and maintenance of its premises so that those lawfully invited upon the premises, including the Plaintiff's Decedent, would not be injured.

5.    At the time and places aforesaid, the Plaintiff's Decedent, due to the negligence of the Defendant, as will be more specifically alleged hereinafter, was caused to work with and/or around asbestos and friable asbestos-containing products and was frequently and regularly exposed to friable asbestos materials while upon the defendant's premises.

6.    Notwithstanding its duties at said times and places, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

    (a)    Carelessly and negligently permitted friable asbestos containing products to be used on its premises, when it knew, or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos;

Page **15** of **27**

DEBTORS_00009060

(b)   Carelessly and negligently failed to provide any or any adequate warnings of the dangers of asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos, and that the Plaintiff's Decedent did not know of said dangers;

(c)   Otherwise, carelessly and negligently allowed the Plaintiff's Decedent to be exposed to asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos and that the Plaintiff's Decedent was being exposed to asbestos on its premises;

(d)   Otherwise carelessly and negligently failed to exercise reasonable care for the safety of those lawfully upon its premises, including the Plaintiff's Decedent.

7.   The said frequent and regular exposure to asbestos dust and asbestos fibers on the Defendant's premises has directly and proximately caused the Plaintiff's Decedent, DAVID C. HELLMER, SR., to develop an asbestos-related disease, specifically, Mesothelioma, and these injuries were not discovered until January 9, 2019, and which caused his death on March 2, 2019.

8.   WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs

| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

9.   By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next-of-kin have been caused to suffer great pecuniary losses and have been deprived of valuable service which the Deceased, DAVID C. HELLMER, SR., was accustomed to perform but for his death.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, PHARMACIA LLC f/k/a PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, in an amount in excess of the jurisdictional amount.

DEBTORS_00009061

COUNT 8

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, PHARMACIA LLC f/k/a PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, alleges and says:

1-7.   Plaintiff adopts and re-alleges paragraphs 1-7 of Count 7 as paragraphs 1-7 of Count 8 as though fully set forth herein.

8.   WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C. HELLMER, SR., Deceased.

9.   Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of the aforesaid wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, PHARMACIA LLC f/k/a PHARMACIA CORPORATION f/k/a MONSANTO COMPANY, in an amount in excess of jurisdictional amount, plus costs.

COUNT 9

(PREMISES LIABILITY)

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, ARKEMA, INC., Individually and as Successor-in-Interest to PENNWALT CORPORATION, alleges and says:

1.   The Defendant, ARKEMA, INC., Individually and as Successor-in-Interest to PENNWALT CORPORATION, owned, operated, managed, maintained and controlled the premises located at Pennsalt Chemical Plant (Wyandotte, MI) from 1964 to 1979.

2.   The Defendant was and is doing business within the State of Illinois and has established the necessary minimal contacts within the State of Illinois.

DEBTORS_00009062

3.      At the said times and places, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was lawfully

on the premises owned and operated by the Defendant.

4.      At all times complained of herein, the Defendant had a duty to exercise reasonable care

in the ownership and maintenance of its premises so that those lawfully invited upon the premises,

including the Plaintiff's Decedent, would not be injured.

5.      At the time and places aforesaid, the Plaintiff's Decedent, due to the negligence of the

Defendant, as will be more specifically alleged hereinafter, was caused to work with and/or around

asbestos and friable asbestos-containing products and was frequently and regularly exposed to friable

asbestos materials while upon the defendant's premises.

6.      Notwithstanding its duties at said times and places, the Defendant was then and there

guilty of one or more of the following wrongful acts and/or omissions:

(a)     Carelessly and negligently permitted friable asbestos containing products
        to be used on its premises, when it knew, or in the exercise of ordinary
        care, should have known of the dangerous, deadly and carcinogenic
        propensities of asbestos;

(b)     Carelessly and negligently failed to provide any or any adequate warnings
        of the dangers of asbestos when it knew or in the exercise of ordinary
        care, should have known of the dangerous, deadly and carcinogenic
        propensities of asbestos, and that the Plaintiff's Decedent did not know
        of said dangers;

(c)     Otherwise, carelessly and negligently allowed the Plaintiff's Decedent to
        be exposed to asbestos when it knew or in the exercise of ordinary care,
        should have known of the dangerous, deadly and carcinogenic
        propensities of asbestos and that the Plaintiff's Decedent was being
        exposed to asbestos on its premises;

(d)     Otherwise carelessly and negligently failed to exercise reasonable care
        for the safety of those lawfully upon its premises, including the Plaintiff's
        Decedent.

7.      The said frequent and regular exposure to asbestos dust and asbestos fibers on the

Defendant's premises has directly and proximately caused the Plaintiff's Decedent, DAVID C. HELLMER,

SR., to develop an asbestos-related disease, specifically, Mesothelioma, and these injuries were not

discovered until January 9, 2019, and which caused his death on March 2, 2019.

DEBTORS_00009063

8.    WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR.,

Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

9.    By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next-of-kin have

been caused to suffer great pecuniary losses and have been deprived of valuable service which the

Deceased, DAVID C. HELLMER, SR., was accustomed to perform but for his death.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, demands judgment against the Defendant, ARKEMA, INC., Individually and as

Successor-in-Interest to PENNWALT CORPORATION, in an amount in excess of the jurisdictional amount.

COUNT 10

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the

Defendant, ARKEMA, INC., Individually and as Successor-in-Interest to PENNWALT CORPORATION, alleges

and says:

1-7.    Plaintiff adopts and re-alleges paragraphs 1-7 of Count 9 as paragraphs 1-7 of Count 10

as though fully set forth herein.

8.    WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased.

9.    Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the

disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of the aforesaid

wrongful acts and/or omissions of each of the Defendants.

DEBTORS_00009064

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, ARKEMA, INC., Individually and as Successor-in-Interest to PENNWALT CORPORATION, in an amount in excess of jurisdictional amount, plus costs.

<u>COUNT 11</u>

(PREMISES LIABILITY)

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendant, KELSEY-HAYES COMPANY, alleges and says:

1.      The Defendant, KELSEY-HAYES COMPANY, owned, operated, managed, maintained and controlled the premises located at Kelsey-Hayes Plant (Detroit, MI) from 1959 to 1964.

2.      The Defendant was and is doing business within the State of Illinois and has established the necessary minimal contacts within the State of Illinois.

3.      At the said times and places, the Plaintiff's Decedent, DAVID C. HELLMER, SR., was lawfully on the premises owned and operated by the Defendant.

4.      At all times complained of herein, the Defendant had a duty to exercise reasonable care in the ownership and maintenance of its premises so that those lawfully invited upon the premises, including the Plaintiff's Decedent, would not be injured.

5.      At the time and places aforesaid, the Plaintiff's Decedent, due to the negligence of the Defendant, as will be more specifically alleged hereinafter, was caused to work with and/or around asbestos and friable asbestos-containing products and was frequently and regularly exposed to friable asbestos materials while upon the defendant's premises.

6.      Notwithstanding its duties at said times and places, the Defendant was then and there guilty of one or more of the following wrongful acts and/or omissions:

DEBTORS_00009065

(a) Carelessly and negligently permitted friable asbestos containing products to be used on its premises, when it knew, or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos;

(b) Carelessly and negligently failed to provide any or any adequate warnings of the dangers of asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos, and that the Plaintiff's Decedent did not know of said dangers;

(c) Otherwise, carelessly and negligently allowed the Plaintiff's Decedent to be exposed to asbestos when it knew or in the exercise of ordinary care, should have known of the dangerous, deadly and carcinogenic propensities of asbestos and that the Plaintiff's Decedent was being exposed to asbestos on its premises;

(d) Otherwise carelessly and negligently failed to exercise reasonable care for the safety of those lawfully upon its premises, including the Plaintiff's Decedent.

7. The said frequent and regular exposure to asbestos dust and asbestos fibers on the Defendant's premises has directly and proximately caused the Plaintiff's Decedent, DAVID C. HELLMER, SR., to develop an asbestos-related disease, specifically, Mesothelioma, and these injuries were not discovered until January 9, 2019, and which caused his death on March 2, 2019.

8. WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, brings this action for use and benefit of the surviving heirs of the Decedent:

Surviving Heirs

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

9. By reason of the wrongful death of the Plaintiff's Decedent, the aforesaid next-of-kin have been caused to suffer great pecuniary losses and have been deprived of valuable service which the Deceased, DAVID C. HELLMER, SR., was accustomed to perform but for his death.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendant, KELSEY-HAYES COMPANY, in an amount in excess of the jurisdictional amount.

DEBTORS_00009066

<u>COUNT 12</u>

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the

Defendant, KELSEY-HAYES COMPANY, alleges and says:

1-7.    Plaintiff adopts and re-alleges paragraphs 1-7 of Count 11 as paragraphs 1-7 of Count 12

as though fully set forth herein.

8.    WANDA M. HELLMER is the duly appointed Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased.

9.    Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the

disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of the aforesaid

wrongful acts and/or omissions of each of the Defendants.

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, demands judgment against the Defendant, KELSEY-HAYES COMPANY, in an

amount in excess of jurisdictional amount, plus costs.

<u>COUNT 13</u>

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the

Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE

INSURANCE CO., alleges and says:

1.    DAVID C. HELLMER, SR. contracted Mesothelioma as a result of his exposure to asbestos.

2.    Before Plaintiff's Decedent worked with Defendants' products at the aforesaid jobsites,

each of the Defendants knew that exposure to asbestos caused serious disease and death.

3.    Asbestos was present, and rendered airborne, at the aforesaid jobsites.

DEBTORS_00009067

4.      Unarco Industries, Inc., Johns-Manville Corporation, Johns-Manville Sales Corporation, Raymark Industries, Inc. (formerly Raybestos-Manhattan, Inc.), Owens Corning, Pittsburgh Corning Corporation, United States Gypsum and T & N Ltd., are corporations, and they, or their corporate predecessors, were during the time relevant to the allegations herein, in the business of manufacturing and distributing asbestos and asbestos-containing products.

5.      Defendant, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation, is a corporation and was, during the times relevant to the allegations herein, itself or through predecessors, in the business of manufacturing and distributing asbestos-containing products.

6.      Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a corporation.

7.      Hereafter "Conspirators" refers to each of the corporations named in paragraphs 4 through 6.

8.      DAVID C. HELLMER, SR. was exposed to asbestos, including asbestos from one or more of the Conspirators.

9.      Exposure to asbestos is a cause of serious disease and death, including asbestosis and malignancies.

10.     The Mesothelioma from which DAVID C. HELLMER, SR. suffered is an invisible injury which resulted from the total and cumulative effect of all the asbestos to which he was exposed.

11.     Before DAVID C. HELLMER, SR.'s exposure to asbestos, Conspirators knew that exposure to asbestos caused serious disease and death.

12.     Conspirators knew that individuals exposed to asbestos were ignorant of the hazardous properties of asbestos.

13.     Before and during his exposure to asbestos, DAVID C. HELLMER, SR., was unaware that exposure to asbestos caused serious disease and death.

DEBTORS_00009068

14. The knowledge of the Conspirators included the following:

    (a) two or more Conspirators had been in the asbestos business for years and had directed manufacturing operations;

    (b) each had actual knowledge of asbestos disease and death among workers exposed to asbestos as early as the 1940's.

15. Conspirators knew that asbestos was inherently dangerous and knew that under the decisional law of Illinois and other states, each was under a duty not to sell asbestos without providing adequate warning of its harmful qualities.

16. Conspirators had employees who were exposed to asbestos dust and each of them had a statutory, regulatory, and decisional law duty to provide their employees with a safe place to work, or at the least, to warn the employees of the hazards presented by the presence of asbestos dust.

17. Conspirators knew that if they adequately warned their own employees and other persons who were at risk of asbestos disease, the publication of such warning would cause workers to leave the industries using asbestos and therefore reduce the sale and usage of asbestos and cause those who were exposed through household and neighborhood exposures to press for the cessation of such exposures.

18. Conspirators knowingly conspired and agreed among themselves to, among others:

    (a) positively assert that which was not true, that it was safe for people to be exposed to asbestos and asbestos-containing products;

    (b) suppress information about the harmful effects of asbestos causing people to be ignorant of that information.

19. One or more of the Conspirators performed the following overt acts in furtherance of the conspiracy:

    (a) sold asbestos products which were used at locations within the state of Illinois, where DAVID C. HELLMER, SR. worked without warning of the hazards known to the seller;

DEBTORS_00009069

(b)    refused to warn its own employees about the hazards of asbestos known to it; among the employees who were not warned were those who worked within the state of Illinois;

(c)    edited and altered the reports and drafts of publications initially prepared by Dr. Lanza concerning the hazards of asbestos during the 1930's;

(d)    agreed in writing not to disclose the results of research on the effects of asbestos upon health unless the results suited their interests;

(e)    obtained an agreement in the 1930's from the editors of ASBESTOS, the only trade magazine devoted exclusively to asbestos, that the magazine would never publish articles on the fact that exposure to asbestos caused disease, and sustained this agreement into the 1970's;

(f)    suppressed the dissemination of a report by Dr. Gardner in 1943 which was critical of the concept that there was a safe level of asbestos exposure;

(g)    through their control of the Asbestos Textile Institute (ATI), defeated further study of health of workers when William Hemeon graphically demonstrated the need for such study and dissemination of information in the 1940's;

(h)    edited and altered the reports and drafts of publications regarding asbestos and health initially prepared by Dr. Vorwald during 1948-1951;

(i)    suppressed the results of the Fibrous Dust Studies conducted during 1966-74 by Industrial Hygiene Foundation, John-Manville, Raybestos Manhattan, Owens Corning, Pittsburgh Corning Corporation and PPG Industries, which results demonstrate and confirmed that exposure to asbestos caused cancer and asbestosis.

20.    The agreement and the acts done in furtherance of the agreement, including those performed in the State of Illinois, were proximate causes of the injury, specifically Mesothelioma, and the death of DAVID C. HELLMER, SR..

21.    DAVID C. HELLMER, SR. died on March 2, 2019.

22.    The next of kin of Decedent are:

Surviving Heirs

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

DEBTORS_00009070

23.    DAVID C. HELLMER, SR. was a person of value.

24.    As a result of his death, his family and next of kin have suffered a loss of the love, affection, care, attention, comfort, guidance, protection, assistance in rearing children, money, goods, and services which he would have contributed to them had he lived.

25.    WANDA M. HELLMER brings this action pursuant to 740 ILCS 180/2 (2005).

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, demands judgment against the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., jointly and severally, in an amount in excess of jurisdictional amount, plus costs.

<u>COUNT 14</u>

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and complaining of the Defendants, PNEUMO-ABEX, as Successor-in-Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., alleges and says:

1-21.    Plaintiff repeats and re-alleges paragraphs 1-21 of Count 13 as paragraphs 1-21 of Count 14 as though fully set forth herein.

22.    DAVID C. HELLMER, SR. was ill from Mesothelioma for a period before his death.

23.    Neither Decedent nor Plaintiff knew or should have known that Decedent had Mesothelioma prior to January 9, 2019.

24.    Plaintiff brings this action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6, for the disability, physical and mental suffering of Plaintiff's Decedent following, and as a result of, the aforesaid wrongful acts and/or omissions of each of the Defendants.

DEBTORS_00009071

DocuSign Envelope ID: 2D121DAB-4D23-4E10-8CB3-9E0F7DA0151A

WHEREFORE, the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C.

HELLMER, SR., Deceased, demands judgment against the Defendants, PNEUMO-ABEX, as Successor-in-

Interest to Abex Corporation and METROPOLITAN LIFE INSURANCE CO., jointly and severally, in an amount

in excess of jurisdictional amount, plus costs.

Respectfully submitted,

COONEY AND CONWAY

By: _____

Attorneys for Plaintiff

Lawrence R. Weisler
**COONEY AND CONWAY**
Attorneys for Plaintiff
120 N. LaSalle Street, 30th Floor
Chicago, IL 60602
ARDC No.: 6284232
lweisler@cooneyconway.com

DEBTORS_00009072

***EFILED***<br>Case Number 2020L 000345<br>Date: 3/16/2020 10:17 AM<br>Mark Von Nida<br>Clerk of Circuit Court<br>Third Judicial Circuit, Madison County Illinois

19-0074M LRW/ms

STATE OF ILLINOIS           )
                            ) §
COUNTY OF MADISON           )

IN THE CIRCUIT COURT, THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, | IN RE:   ASBESTOS LITIGATION |
| Plaintiff, | NO: 2020L 000345 |
| vs. | |
| A.O. SMITH CORPORATION, et al., | |
| Defendants. | |

**ROUTINE MOTION TO APPOINT SPECIAL ADMINISTRATOR**

NOW COMES the Plaintiff, WANDA M. HELLMER, Special Administrator of the Estate of DAVID C. HELLMER, SR., Deceased, by and through her attorneys, COONEY AND CONWAY, and moves this Honorable Court for an Order appointing WANDA M. HELLMER, pursuant to Section 2.1 of the Wrongful Death Act (740 ILCS 180/2.1) and the Survival Act of Illinois (755 ILCS/5/27-6), and in support thereof, states as follows:

1. The Plaintiff's Decedent, DAVID C. HELLMER, SR., died on March 2, 2019.

2. The sole asset of DAVID C. HELLMER, SR.'s estate is a cause of action.

3. No petition for letters of office has been filed for his estate.

4. WANDA M. HELLMER is qualified to serve as Special Administrator in this action under the laws of the State of Illinois.

5. At his death, DAVID C. HELLMER, SR. left the following heirs:

| | | |
|---|---|---|
| WANDA M. HELLMER | - | Spouse |
| HEDWIG HELLMER | - | Child |
| KEN HELLMER | - | Child |
| MAGDALEN HELLMER | - | Child |

6. Pursuant to rule, Plaintiff's counsel has provided notice to the last known address of each of the DAVID C. HELLMER, SR.'s heirs and/or legatees.