FILED & JUDGMENT ENTERED
Steven T. Salata

April 4 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, et al.,[1] | Case No. 20-30608 (JCW) |
| Debtors. | (Jointly Administered) |

## ORDER (I) ESTABLISHING A BAR DATE
## FOR CERTAIN KNOWN MESOTHELIOMA CLAIMS,
## (II) APPROVING PROOF OF CLAIM FORM, (III) APPROVING
## NOTICE TO CLAIMANTS, AND (IV) GRANTING RELATED RELIEF

This matter coming before the Court on the *Joint Motion of the Debtors and the Future Claimants' Representative for an Order (I) Establishing a Bar Date for Certain Known Asbestos Claims, (II) Approving Proof of Claim Form, (III) Approving Personal Injury Questionnaire, (IV) Approving Notice to Claimants, and (V) Granting Related Relief* [Dkt. 471]

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Aldrich Pump LLC (2290) and Murray Boiler LLC (0679). The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

NAI-1527065763

(the "Joint Motion"),[2] filed jointly by the above-captioned debtors (together, the "Debtors") and the Future Claimants' Representative; the Court having reviewed the Joint Motion and having heard the statements of counsel regarding the relief requested in the Joint Motion at hearings before the Court held on January 28, 2021 and December 2, 2021 (together, the "Hearings"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Joint Motion and the Hearings was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Joint Motion and at the Hearings establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.  For the reasons stated on the record at the hearing on January 27, 2022 (the "January 27 Hearing") (which are incorporated herein by reference), the relief requested in the Joint Motion as it relates to establishing a bar date for Prepetition Mesothelioma Claims (as defined herein), is GRANTED in part and DENIED in part on the terms and conditions set forth herein.

2.  Each holder of a Prepetition Mesothelioma Claim shall be required to submit a proof of claim in accordance with the procedures described herein to avoid the potential consequences set forth in paragraph 10 of this Order.

3.  For purposes of this Order and the relief granted herein:

    a. "Prepetition Mesothelioma Claims" shall mean all claims against the Debtors asserted in a lawsuit prior to the Petition Date for mesothelioma relating in any way to asbestos or asbestos-containing products for which the Debtors or their predecessors-in-interest, including the former Ingersoll-Rand Company, a New Jersey

---

[2] Capitalized terms not otherwise defined herein will have the meanings given to them in the Joint Motion.

corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; provided, however, that Prepetition Mesothelioma Claims shall not include asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws; provided, further, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date (as defined herein) shall apply to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims"); and

  b. the Prepetition Mesothelioma Claims Bar Date shall not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation, (i) non-asbestos-related claims, (ii) asbestos-related claims on account of diagnoses other than mesothelioma, (iii) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (iv) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either (A) except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date or (B) had not manifested, become evident, or been diagnosed as of the Petition Date.

  4.  Holders of Prepetition Mesothelioma Claims who submit proofs of claim shall complete and submit a proof of claim substantially in the form attached hereto as Exhibit 1 (the "Prepetition Mesothelioma Claim Form").

  5.  To avoid the potential consequences set forth in paragraph 10 of this Order, holders of Prepetition Mesothelioma Claims must complete their Prepetition Mesothelioma Claim Forms and either (i) submit them electronically through the electronic claims filing system maintained by Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, available at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim (the "Claims Website"), **by no later than 5:00 p.m. (prevailing Eastern time) on July 29, 2022**

(the "Prepetition Mesothelioma Claims Bar Date") or (ii) send them to KCC <u>so as to be actually received</u> **by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date** at the following address:

> Aldrich Claims Processing Center
> c/o KCC
> 222 N. Pacific Coast Highway, Suite 300
> El Segundo, CA 90245

An electronic signature on a Prepetition Mesothelioma Claim Form submitted through the Claims Website shall be treated as equivalent to a physical signature.

6. Consistent with the Court's ruling at the January 27 Hearing, every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim shall be required to complete and submit a personal injury questionnaire (the "Questionnaire"). The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.

7. The forms of the Prepetition Mesothelioma Claim Form and the notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire (the "Bar Date / Questionnaire Notice"), in the forms attached hereto as Exhibits 1 & 2, respectively, and the manner of providing notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire, are approved in all respects. The form and manner of notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire approved herein are deemed to fulfill applicable notice and other due process requirements of the Bankruptcy Rules and applicable law as to those known claimants to which such notice is directed. Accordingly, the Debtors are authorized to serve the Notice Package (as defined herein) in the manner described in paragraph 8 below.

8.   As soon as practicable, but in any event no later than five business days after the date that the Court enters this Order, the Debtors, through KCC, shall serve on counsel of record for all known claimants who have asserted asbestos-related personal injury claims against the Debtors, as reflected in their schedules of assets and liabilities and statements of financial affairs, by first class United States mail, postage prepaid: (a) the Bar Date / Questionnaire Notice; (b) a Prepetition Mesothelioma Claim Form; (c) a copy of this Order; and (d) an individualized list of claimants represented by such counsel (collectively, (a)-(d), the "Notice Package"). Notwithstanding any provision of the Bankruptcy Code or Bankruptcy Rules, including, without limitation, Bankruptcy Rule 2002, which requires service of notice of the Prepetition Mesothelioma Claims Bar Date on all parties in interest in these Chapter 11 Cases, no other service of notice of the Prepetition Mesothelioma Claims Bar Date shall be required. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date / Questionnaire Notice and/or the Notice Package on other entities in order to apprise them of the Prepetition Mesothelioma Claims Bar Date.

9.   All claimants asserting Prepetition Mesothelioma Claims against one or both Debtors shall be required to submit only one Prepetition Mesothelioma Claim Form but shall be required to identify in such Prepetition Mesothelioma Claim Form whether the claim is against Aldrich, Murray, or both Debtors.

10.   Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Prepetition Mesothelioma Claim who fails to file a proof of claim with respect to such Prepetition Mesothelioma Claim in accordance with this Order by the Prepetition Mesothelioma Claims Bar Date shall be subject to such legal consequences as the Bankruptcy Code may prescribe or permit, which may include disallowance of the untimely filed

-6-

Prepetition Mesothelioma Claim and the barring, estopping, and enjoining of such holder from (a) asserting any Prepetition Mesothelioma Claim against the Debtors (or against any entity that, pursuant to any plan of reorganization, assumes liability for Prepetition Mesothelioma Claims), (b) voting to accept or reject any plan or plans of reorganization, (c) participating in any distribution in the Debtors' chapter 11 cases on account of such Prepetition Mesothelioma Claim (including receiving any payment from an asbestos trust formed in the Debtors' chapter 11 cases on account of such Prepetition Mesothelioma Claim), or (d) receiving further notices regarding such Prepetition Mesothelioma Claim.  For the avoidance of doubt, nothing in this Order expands the otherwise applicable consequences of failing to file a proof of claim by the Prepetition Mesothelioma Claims Bar Date.

11. KCC is authorized and directed to preserve all Prepetition Mesothelioma Claim Forms until such time as these cases are dismissed or a confirmation order entered in these cases becomes a final order for the benefit of any trustee appointed for an asbestos trust created pursuant to a confirmed chapter 11 plan of reorganization for the Debtors.  Upon the request of such trustee, KCC shall transfer or otherwise dispose of all Prepetition Mesothelioma Claim Forms as such trustee requests.

12. This Court shall retain jurisdiction to interpret, apply, and enforce this Order to the full extent permitted by law.

This Order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of the Order

United States Bankruptcy Court

**EXHIBIT 1**

United States Bankruptcy Court for the Western District of North Carolina

Mark one box to identify the applicable case(s):
- ❏ Aldrich Pump LLC (f/k/a Trane Technologies Company LLC and Ingersoll-Rand Company) (No. 20-30608)
- ❏ Murray Boiler LLC (f/k/a Trane U.S. Inc.) (No. 20-30609)
- ❏ Both Aldrich Pump LLC (f/k/a Trane Technologies Company LLC and Ingersoll-Rand Company) (No. 20-30608) and Murray Boiler LLC (f/k/a Trane U.S. Inc.) (No. 20-30609)

## Prepetition Mesothelioma Claim Form

**Read the instructions before filling out this form. This form is only for filing proofs of claim on account of Prepetition Mesothelioma Claims, as defined in the instructions.**

**Filers must leave out or redact** information that is entitled to privacy. See "Information that is entitled to privacy" in the instructions.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

### Part 1: Identify the Prepetition Mesothelioma Claim

**1. Identifying information:**

Name of Injured Party: _____

Last 4 digits of Injured Party's social security no.: ___ ___ ___ ___

**2. Has this claim been acquired from someone else?**

❏ No    ❏ Yes.
From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name: _____

Address: _____

City: _____ State: ____ Zip: _____

Contact Phone: _____

Contact Email: _____

**Where should payments to the creditor be sent? (if different)**

Name: _____

Address: _____

City: _____ State: ____ Zip: _____

Contact Phone: _____

Contact Email: _____

**4. Does this claim amend one already filed?**

❏ No    ❏ Yes. Claim number on court claims registry (if known): _____    Filed on (MM/DD/YYYY): _____

**5. Do you know if anyone else has filed a proof of claim for this Prepetition Mesothelioma Claim?**

❏ No    ❏ Yes.
Who made the earlier filing? _____

### Part 2: Information About the Prepetition Mesothelioma Claim

**6. How much is the Prepetition Mesothelioma Claim?**    $_____

**7. The basis of the claim:**    The Injured Party has mesothelioma.

❏ Yes

❏ No

NAI-1526211927

| Part 3: | Sign Below |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br>❑ I am the creditor.<br>❑ I am the creditor's attorney or authorized agent.<br><br>I understand that an authorized signature on this *Prepetition Mesothelioma Claim Form* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Prepetition Mesothelioma Claim Form* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date (MM/DD/YYYY): _____<br><br>Signature: _____<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>First name: _____ Middle name: _____ Last name:_____<br><br>Title: _____<br><br>Company: _____<br><br>Address: _____<br><br>City: _____ State: _____ Zip: _____<br><br>Contact Phone: _____ Email: _____ |

# Instructions for Prepetition Mesothelioma Claim Form

United States Bankruptcy Court

**These instructions and definitions generally explain the law. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

**Please complete your Prepetition Mesothelioma Claim Form online at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim OR send completed Prepetition Mesothelioma Claim Form to:**

Aldrich Claims Processing Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**Any Prepetition Mesothelioma Claim Form submitted by facsimile or electronic mail will not be accepted.**

## How to fill out this form

- **Fill in all of the information about the claim.**

- **Please mark one box at the top of the form to identify the applicable bankruptcy case(s).**

- **Please fill in the identifying information requested**. List the name of the Injured Party and the last 4 digits of the Injured Party's social security number.

- **If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.**

- **Every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim will be required to complete and submit a personal injury questionnaire (the "Questionnaire"). The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.**

- **The Prepetition Mesothelioma Claim Form does not require attachment of supporting documentation.**

- **Either the claimant or the claimant's attorney must sign the Prepetition Mesothelioma Claim Form.**

- **A Prepetition Mesothelioma Claim Form must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** *See* Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

If you submit a Prepetition Mesothelioma Claim Form electronically, you will be provided with a date and time-stamped copy of the submitted Prepetition Mesothelioma Claim Form on the Claims Website that you can print or download, which confirms receipt by KCC. If you want to receive acknowledgement of KCC's receipt of a Prepetition Mesothelioma Claim Form submitted by mail, you must submit by the Prepetition Mesothelioma Claims Bar Date and concurrently with submitting your original Prepetition Mesothelioma Claim Form (a) a copy of the original form and (b) a self-addressed, postage prepaid return envelope.

1

## Understand the terms used in this form

**Aldrich:** Aldrich Pump LLC.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claims Website:**
https://epoc.kccllc.net/PrepetitionMesotheliomaClaim

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtors:** Aldrich Pump LLC and Murray Boiler LLC, as debtors and debtors in possession.

**Information that is entitled to privacy:** A Prepetition Mesothelioma Claim Form must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Injured Party:** The person upon whose injury the Prepetition Mesothelioma Claim is based.

**KCC:** Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent.

**Murray:** Murray Boiler LLC.

**Petition Date:** June 18, 2020.

**Prepetition Mesothelioma Claim Form:** A proof of claim form to be used by holders of Prepetition Mesothelioma Claims.

**Prepetition Mesothelioma Claims:** Claims against the Debtors asserted in a lawsuit prior to the Petition Date for mesothelioma relating in any way to asbestos or asbestos-containing products for which the Debtors or their predecessors-in-interest, including the former Ingersoll-Rand Company, a New Jersey corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; <u>provided</u>, however, that Prepetition Mesothelioma Claims do not include asbestos-related claims for which the exclusive remedy is <u>provided</u> under workers' compensation statutes and similar laws; <u>provided</u>, <u>further</u>, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date applies to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims").

**Prepetition Mesothelioma Claims Bar Date: July 29, 2022**.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Prepetition Mesothelioma Claim Form.  **See "Information that is entitled to privacy."**

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Parties for whom the Prepetition Mesothelioma Claims Bar Date does <u>not</u> apply

The Prepetition Mesothelioma Claims Bar Date does not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation:  (a) non-asbestos-related claims, (b) asbestos-related claims on account of diagnoses other than mesothelioma, (c) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (d) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either:

(i)     except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date, or

(ii)     had not manifested, become evident, or been diagnosed as of the Petition Date.

**Do not file these instructions with your form.**

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, *et al.*,[1] | Case No. 20-30608 (JCW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF BAR DATE FOR CERTAIN MESOTHELIOMA CLAIMS**

On **[_____]**, 2022, the United States Bankruptcy Court for the Western District of North Carolina (the "Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing a claims bar date for certain asbestos-related claims. Pursuant to the Bar Date Order, the Court has established **July 29, 2022** (the "Prepetition Mesothelioma Claims Bar Date") as the date by which holders of Prepetition Mesothelioma Claims (as defined below) are required to submit a proof of claim to avoid the potential consequences set forth in paragraph 10 of the Bar Date Order and described herein.

**WHO MUST SUBMIT A PROOF OF CLAIM**
**FORM BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE**

The Bar Date Order requires claimants asserting Prepetition Mesothelioma Claims to submit proofs of claim by the Prepetition Mesothelioma Claims Bar Date. "**Prepetition Mesothelioma Claims**" include all claims against the Debtors asserted in a lawsuit prior to June 18, 2020 (the "Petition Date") for mesothelioma relating in any way to asbestos or asbestos-containing products for which the Debtors or their predecessors-in-interest, including the former Ingersoll-Rand Company, a New Jersey corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; provided, however, that Prepetition Mesothelioma Claims do not include asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws; provided, further, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date applies to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims").

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Aldrich Pump LLC (2290) and Murray Boiler LLC (0679). The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

NAI-1515044369

## WHO DOES NOT NEED TO SUBMIT A PROOF OF CLAIM FORM AT THIS TIME

The Prepetition Mesothelioma Claims Bar Date does not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation:  (a) non-asbestos-related claims, (b) asbestos-related claims on account of diagnoses other than mesothelioma, (c) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (d) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either (i) except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date, or (ii) had not manifested, become evident, or been diagnosed as of the Petition Date.

## PROCEDURES FOR SUBMITTING PROOFS OF CLAIM

As further described below, claimants asserting Prepetition Mesothelioma Claims must complete and submit a proof of claim form substantially in the form attached to the Bar Date Order as Exhibit 1 (each, a "Prepetition Mesothelioma Claim Form").  To avoid the potential consequences set forth in paragraph 10 of the Bar Date Order, holders of Prepetition Mesothelioma Claims must complete their Prepetition Mesothelioma Claim Forms and either (i) submit them electronically through the electronic claims filing system maintained by Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, available at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim (the "Claims Website"), **by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date** or (ii) send them to KCC so as to be actually received **by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date** at the following address:

**Aldrich Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

An electronic signature on a Prepetition Mesothelioma Claim Form submitted through the Claims Website will be treated as equivalent to a physical signature.

Any Prepetition Mesothelioma Claim Form submitted by facsimile or electronic mail will not be accepted.

If you submit a Prepetition Mesothelioma Claim Form electronically, you will be provided with a date and time-stamped copy of the submitted Prepetition Mesothelioma Claim Form on the Claims Website that you can print or download, which confirms receipt by KCC.  If you want to receive acknowledgement of KCC's receipt of a Prepetition Mesothelioma Claim Form submitted by mail, you must submit by the Prepetition Mesothelioma Claims Bar Date and concurrently with submitting your original Prepetition Mesothelioma Claim Form (a) a copy of the original form and (b) a self-addressed, postage prepaid return envelope.

### THE REQUIREMENT TO SUBMIT A PERSONAL INJURY QUESTIONNAIRE

The Bar Date Order further provides that every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim will be required to complete and submit a personal injury questionnaire (the "Questionnaire"). The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.

### FILING PROOFS OF CLAIM AGAINST
### BOTH DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Claimants asserting Prepetition Mesothelioma Claims against one or both Debtors are required to submit only one Prepetition Mesothelioma Claim Form but must identify in such Prepetition Mesothelioma Claim Form whether the claim is against Aldrich, Murray, or both Debtors.

### EFFECT OF FAILURE TO FILE A PROOF OF CLAIM

**PURSUANT TO PARAGRAPH 10 OF THE BAR DATE ORDER, ANY HOLDER OF A PREPETITION MESOTHELIOMA CLAIM WHO FAILS TO FILE A PROOF OF CLAIM WITH RESPECT TO SUCH PREPETITION MESOTHELIOMA CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED PREPETITION MESOTHELIOMA CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF SUCH HOLDER FROM (A) ASSERTING ANY PREPETITION MESOTHELIOMA CLAIM AGAINST THE DEBTORS (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR PREPETITION MESOTHELIOMA CLAIMS), (B) VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OF REORGANIZATION, (C) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION MESOTHELIOMA CLAIM (INCLUDING RECEIVING ANY PAYMENT FROM AN ASBESTOS TRUST FORMED IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION MESOTHELIOMA CLAIM), OR (D) RECEIVING FURTHER NOTICES REGARDING SUCH PREPETITION MESOTHELIOMA CLAIM. FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE BAR DATE ORDER EXPANDS THE OTHERWISE APPLICABLE CONSEQUENCES OF FAILING TO FILE A PROOF OF CLAIM BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE.**

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact KCC at (866) 573-9926 or visit the Claims Website at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim. You also may contact KCC by email at aldrichinfo@kccllc.com or by writing to 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 (Attn: Aldrich Claims Processing Center). Additional copies of the Prepetition Mesothelioma Claim Form may be obtained by calling KCC or by downloading the Prepetition Mesothelioma Claim Form from the Claims Website.

## RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets, defenses, or counterclaims against, any claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any claim as disputed, contingent, or unliquidated. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

| | |
|---|---|
| Dated: _____, 2022 | BY ORDER OF THE COURT |
| /s/ A. Cotten Wright | /s/ John R. Miller, Jr. |
| A. Cotten Wright (State Bar No. 28162) | C. Richard Rayburn, Jr. (NC 6357) |
| GRIER WRIGHT MARTINEZ, PA | John R. Miller, Jr. (NC 28689) |
| 521 E Morehead Street, Suite 440 | RAYBURN COOPER & DURHAM, P.A. |
| Charlotte, NC 28202 | 227 West Trade Street, Suite 1200 |
| Telephone: (704) 332-0207 | Charlotte, North Carolina 28202 |
| Facsimile: (704) 332-0215 | Telephone: (704) 334-0891 |
| Email: cwright@grierlaw.com | Facsimile: (704) 377-1897 |
| | E-mail: rrayburn@rcdlaw.net |
| -and- | jmiller@rcdlaw.net |
| Jonathan P. Guy, Esq. | -and- |
| Debbie L. Felder, Esq. | |
| ORRICK, HERRINGTON & SUTCLIFFE LLP | Brad B. Erens (IL Bar No. 06206864) |
| 1152 15th Street, N.W. | Mark A. Cody (IL Bar No. 6236871) |
| Washington, D.C. 20005 | Caitlin K. Cahow (IL Bar No. 6317676) |
| Telephone: (202) 339-8400 | JONES DAY |
| Facsimile: (202) 339-8500 | 77 West Wacker |
| Email: jguy@orrick.com | Chicago, Illinois 60601 |
| dfelder@orrick.com | Telephone: (312) 782-3939 |
| (Admitted *pro hac vice*) | Facsimile: (312) 782-8585 |
| | E-mail: bberens@jonesday.com |
| COUNSEL FOR JOSEPH W. GRIER, III, | macody@jonesday.com |
| FUTURE CLAIMANTS' REPRESENTATIVE | ccahow@jonesday.com |
| | (Admitted *pro hac vice*) |

NAI-1515044369                                4

-and-

Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
(Admitted *pro hac vice*)

-and –

C. Michael Evert, Jr.
EVERT WEATHERSBY HOUFF
3455 Peachtree Road NE, Suite 1550
Atlanta, Georgia 30326
(Admitted *pro hac vice*)

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION