```
                                                                    1

 1                    UNITED STATES BANKRUPTCY COURT
                   WESTERN DISTRICT OF NORTH CAROLINA
 2                          CHARLOTTE DIVISION

 3  IN RE:                         :    Case No. 17-31795-LTB

 4  BESTWALL LLC,                  :    Chapter 11

 5      Debtor.                    :    Charlotte, North Carolina
                                        Thursday, January 20, 2022
 6                                 :    9:37 a.m.

 7  : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

 8                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE LAURA TURNER BEYER,
 9                    UNITED STATES BANKRUPTCY JUDGE

10

11  APPEARANCES (via Teams):

12  For the Debtor:                Robinson, Bradshaw & Hinson, P.A.
                                   BY:  RICHARD C. WORF, ESQ.
13                                      GARLAND CASSADA, ESQ.
                                        TIMOTHY P. MISNER, ESQ.
14                                      KEVIN CRANDALL, ESQ.
                                   101 N. Tryon Street, Suite 1900
15                                 Charlotte, NC  28246

16

17
    Audio Operator:                COURT PERSONNEL
18

19  Transcript prepared by:        JANICE RUSSELL TRANSCRIPTS
                                   1418 Red Fox Circle
20                                 Severance, CO  80550
                                   (757) 422-9089
21                                 trussell31@tdsmail.com

22
    Proceedings recorded by electronic sound recording; transcript
23  produced by transcription service.

24

25
```

```
 1                 That's all I have, your Honor.
 2                 THE COURT:  All right.  Thank you.
 3                 With that, the Court will take a recess and come back
 4     and tell you what we're going to do.
 5                 Thank you.
 6            (Recess from 4:20 p.m., until 4:53 p.m.)
 7                              AFTER RECESS
 8            (Call to Order of the Court)
 9                 THE COURT:  All right.  We are back in the Bestwall
10     case, having heard argument by the parties on the Motion to
11     Compel Production of Documents Listed on the Debtor's Privilege
12     Log and the debtor's response thereto.
13                 Let me give you my thoughts about where we are on that
14     and start by recognizing, I think, right out of the gate that
15     the debtor has provided a tremendous amount of information on
16     the privilege logs.  There is no dispute about that.  However,
17     I agree with many of the deficiencies that were pointed out in
18     the log and problems with the log that were pointed out by the
19     ACC and the FCR in their pleadings and at today's hearing, I
20     think the most obvious one being the one that Mr. Donlon
21     specifically focused on, which is the 188,000 identical
22     descriptions for those, that many entries.  And that strikes
23     the Court as problematic and those descriptions need to be
24     cleaned up and made more specific so one can determine from the
25     face of the description if the privilege has been properly
```

1  alleged.  I think, as Ms. Bradley pointed out in her argument,

2  the descriptions in some of the cases cited by Mr. Jones are

3  far more detailed and would be more along the lines of what the

4  Court thinks is appropriate and what the Court would be looking

5  for, you know.  The, there was reference to a description of

6  draft settlement documents, for example, and the debtor's log

7  doesn't plead any description with that amount of specificity.

8      The other example that was discussed today was failure

9  to list authors of documents and while I understand and

10 appreciate that it may be difficult for, the example that was

11 thrown out, an Excel spreadsheet, to determine who an author

12 is, I, I get that, but at the same time I don't understand.  It

13 strikes me as a little difficult to claim privilege for a

14 document if you are unsure who the author is.  And so the

15 debtor should probably revisit some of those documents or

16 privilege logs.  Excuse me.

17     But I think at the end of the day what the debtor

18 requested rather than -- the debtor, I believe, requested that

19 I deny the motion today or order a meet and confer and I think,

20 not unlike the situation in which we found ourselves with

21 respect to the debtor's motion to enforce the personal injury

22 questionnaire, it seems to me that it would be reasonable, as

23 the objecting claimants requested for that motion, to give the

24 debtors the opportunity to meet and confer again one more time

25 with the ACC and the FCR before the Court grants the motion

1  that's on the table for today. I think that would be
2  appropriate.
3       And so what I'm going to do is to continue this
4  hearing until February 17th, which I believe is the next
5  regularly scheduled hearing date for a Bestwall hearing, and
6  the Court will conduct a status hearing that day.
7       And, Mr. Jones, let me just be clear that the Court's
8  expectation is that whatever progress and changes the debtor
9  plans to make in response to and reaction to a meet and confer
10 and today's hearing, that those changes need to be made to the,
11 the privilege log before we come back for the status hearing on
12 February 17th. In other words, what I don't want to hear when
13 we come back for a status hearing on the 17th is that, "We plan
14 to do this or that." It needs to be done. Because as the ACC
15 and the FCR pointed out, time is of the essence at this point
16 and unfortunately, that's where we find ourselves.
17      So the other thing I would add is if anybody wants to
18 file any form of supplemental pleading prior to that February
19 17th hearing date, I would direct all of the parties to do that
20 by 5:00 on Monday, February 14th, and then we will go forward
21 on February 17th and see where we are. We will treat that as a
22 status hearing, though. And, and, you know, the Court will,
23 you know, further consider in light of the status update the,
24 the motion at that continued hearing on February 17th.
25      So are there any questions about that?