FILED & JUDGMENT ENTERED
Steven T. Salata

July 6 2022

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, *et al.*,[1] | Case No. 20-30608 (JCW) |
| Debtors. | (Jointly Administered) |

## ORDER APPROVING PERSONAL INJURY
## QUESTIONNAIRE AND GRANTING RELATED RELIEF

This matter coming before the Court on the *Joint Motion of the Debtors and the Future Claimants' Representative for an Order (I) Establishing a Bar Date for Certain Known Asbestos Claims, (II) Approving Proof of Claim Form, (III) Approving Personal Injury Questionnaire, (IV) Approving Notice to Claimants, and (V) Granting Related Relief* [Dkt. 471] (the "Joint Motion"), filed jointly by the above-captioned debtors (together, the "Debtors") and Joseph W. Grier, III, as the representative for future asbestos claimants in the above-captioned

---

[1]     The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Aldrich Pump LLC (2290) and Murray Boiler LLC (0679).  The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

cases (the "FCR"); the Court having reviewed the Joint Motion and the further submissions of

the parties, and having heard the statements of counsel regarding the relief requested in the Joint

Motion at hearings before the Court held on January 28, 2021 and December 2, 2021 (together,

the "Hearings"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii)

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Joint Motion

and the Hearings was sufficient under the circumstances; and the Court having determined that

the legal and factual bases set forth in the Joint Motion and at the Hearings establish just cause

for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      For the reasons stated on the record at the hearing on January 27, 2022

(the "January 27 Hearing") (which are incorporated herein by reference), the relief requested in

the Joint Motion as it relates to the completion and submission of personal injury questionnaires

by holders of Prepetition Mesothelioma Claims[2] is GRANTED as set forth herein.  All

objections to the relief granted herein are OVERRULED, except to the extent set forth in this

Order.

2.      The Aldrich Pump LLC and Murray Boiler LLC Personal Injury

Questionnaire (the "Questionnaire") attached to this Order as Exhibit 2 and incorporated herein

by reference is approved; provided, however, that non-substantive corrections and formatting

changes to the Questionnaire may be made by agreement among the Debtors, the FCR, the

Official Committee of Asbestos Personal Injury Claimants (the "ACC"), Trane Technologies

---

[2]      Capitalized terms not otherwise defined herein will have the meanings given to them in the *Order (I)
Establishing a Bar Date for Certain Known Mesothelioma Claims, (II) Approving Proof of Claim Form,
(III) Approving Notice to Claimants, and (IV) Granting Related Relief* [Dkt. 1093] (the "Bar Date Order"),
a copy of which is attached hereto as Exhibit 1.

NAI-1530019482

Company LLC ("New Trane Technologies"), and Trane U.S., Inc. ("New Trane" and,

collectively with the Debtors, the FCR, the ACC, and New Trane Technologies, the "Parties",

and each individually a "Party").  The Questionnaire seeks evidence that is relevant to estimation

of the asbestos liability of the Debtors and the negotiation, formulation, and confirmation of a

plan of reorganization, and is proportional to the needs of the case, considering the importance of

the issues at stake, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.  Further, this Court has

authority to order the use of the Questionnaire pursuant to Rule 2004 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), 11 U.S.C. § 105(a), and the Court's inherent

powers, and use of the Questionnaire is the most efficient way to proceed and avoid undue

burden.

      3.      Pursuant to the Court's ruling at the January 27 Hearing and the Bar Date

Order, every claimant who submits a Prepetition Mesothelioma Claim Form (or any other proof

of claim) on account of a Prepetition Mesothelioma Claim (for purposes of this Order,

a  "Prepetition Mesothelioma Claimant") is required to complete and submit the Questionnaire,

pursuant to the deadlines and requirements set forth in paragraph 4 below.

      4.      The following deadlines and requirements shall apply:

      a.      As soon as practicable after the Prepetition Mesothelioma Claims Bar
Date, the Debtors' claims, noticing, and ballot agent, Kurtzman Carson
Consultants LLC ("KCC"), shall transmit a copy of the claims register
containing Prepetition Mesothelioma Claims to Donlin, Recano and
Company, Inc. (the "Questionnaire Agent").  Within ten days after
receiving the claims register, the Questionnaire Agent shall serve a copy
of the Questionnaire and this Order, via first-class U.S. mail, postage
prepaid, on the notice party provided in the applicable Prepetition
Mesothelioma Claim Form (or other proof of claim).  The Debtors or
the Questionnaire Agent shall file a certificate of service and provide

the ACC and the FCR with an electronic copy of such service list. The Questionnaire Agent shall assign a unique numerical identifier (the "PIQ ID") to each Prepetition Mesothelioma Claimant, which the Prepetition Mesothelioma Claimant shall be required to use in answering the Questionnaire.

b. Responses to the Questionnaire, whether in electronic or paper form, including all attachments thereto, and all trust claim forms submitted by Prepetition Mesothelioma Claimants pursuant to the Questionnaire or obtained from any asbestos personal injury trust (each a "Trust") pursuant to the optional authorization form incorporated in the Questionnaire,[3] are referred to herein as "Questionnaire Responses".

c. All Prepetition Mesothelioma Claimants may submit their Questionnaire Responses in paper form or by uploading electronic copies of the responses through the secure portal (the "Portal") established by the Questionnaire Agent, available at https://aldrich.donlinrecano.com.

d. If a Prepetition Mesothelioma Claimant chooses to submit the Questionnaire Responses through the Portal, he or she shall complete and submit the Questionnaire Responses no later than 11:59 p.m., prevailing Eastern Time, on **December 16, 2022**. An electronic signature on Questionnaire Responses submitted through the Portal shall be treated as equivalent to a physical signature.

e. If a Prepetition Mesothelioma Claimant chooses to submit the Questionnaire Responses in paper form, he or she shall complete the Questionnaire Responses and deposit them in first-class U.S. mail (prepaid) or other delivery service, so that the Questionnaire Responses are postmarked no later than **December 16, 2022**, addressed as follows:

**If sent by first-class U.S. mail, send to:**
Donlin, Recano & Company, Inc.
Re: Aldrich Pump LLC & Murray Boiler LLC
P.O. Box 199043 Blythebourne Station
Brooklyn, NY 11219

**If sent by hand delivery or overnight courier, send to:**
Donlin, Recano & Company, Inc.
Re: Aldrich Pump LLC & Murray Boiler LLC
6201 15th Avenue

---

[3] The authorization form is set forth as Exhibit 1 to the Questionnaire and is entitled "Claimants' Optional Authorization for Debtors' Counsel to Obtain Trust Records." It is referred to below in this Order as the "Authorization."

-4-

Brooklyn, NY  11219

f.   The Questionnaire Agent shall produce all Questionnaire Responses to the Parties, their respective bankruptcy counsel and special counsel, and their respective retained asbestos claims experts.  The Questionnaire Agent may make such production on a rolling basis as Questionnaire Responses are received.

g.   No Questionnaire Responses shall be disseminated or disclosed, whether in written or electronic form, to any person other than (i) the Parties, (ii) any law firm rendering legal services to a Party in connection with estimation of the Debtors' asbestos liability or in negotiating, formulating, and confirming a plan of reorganization (the "Permitted Uses") in these bankruptcy cases, and each such law firm's employees, agents, and representatives who are personally involved in rendering services in connection with the Permitted Uses; (iii) any Party's consulting or testifying experts, and members of their staff, who are personally involved in rendering services to a Party in connection with the Permitted Uses; (iv) any person who testifies at a deposition or hearing in connection with the Permitted Uses, and for whose examination or cross-examination reference to Questionnaire Responses is relevant; (v) third-party service companies providing outside photocopying, graphic production services, or litigation support services to counsel or experts in connection with the Permitted Uses; (vi) KCC and the Questionnaire Agent and any of their respective employees, agents, or representatives rendering services in connection with the Permitted Uses; (vii) the Court, including secretaries, judicial assistants, law clerks, and other clerical staff; and (viii) court reporters, stenographers, or videographers who record deposition or other testimony in connection with these bankruptcy cases; provided, however, that the right of access to Questionnaire Responses hereby conferred on the foregoing persons is subject to the conditions precedent set forth in paragraph 4.h. immediately below.  Each Prepetition Mesothelioma Claimant completing Questionnaire Responses is deemed to have relied upon these access and use restrictions in connection with disclosure of the information provided in his or her Questionnaire Responses.

h.   Any person exercising a right of access to Questionnaire Responses granted by this Order shall thereby consent, and be deemed to consent, to be bound by this Order and shall thereby submit, and be deemed to submit, to the exclusive jurisdiction and venue of this Court for any dispute pertaining to the interpretation or enforcement of this Order. Without limitation of the generality of the foregoing sentence, as a condition of the right of access to Questionnaire Responses conferred by paragraph 4.g. above, every entity described in subparts (ii) through

NAI-1530019482

(vi) of paragraph 4.g. shall execute a joinder in the form annexed to this Order as Exhibit 3.A or Exhibit 3.B.  Exhibit 3.A shall be executed on the part of corporations, partnerships, companies, or firms whose employees, representatives, or agents will receive access to Questionnaire Responses in the performance of the firm's duties with respect to these bankruptcy cases.  Exhibit 3.B shall be signed in an individual capacity by individuals (such as witnesses or self-employed experts) who receive a right of access to Questionnaire Responses under paragraph 4.g. above in their individual capacities, rather than as employees, agents, or representatives of a firm.

i.  The Debtors are authorized to serve subpoenas under Bankruptcy Rule 9016 on the Trusts listed in the Authorization form, and their claims processing facilities, to obtain claim forms and attachments submitted by claimants to the Trusts (such as deposition transcripts, affidavits, invoices, etc.) pursuant to Authorizations returned as part of Questionnaire Responses.  The subpoenas may request claim forms and other documents submitted to the Trusts or claims processing facilities by (i) claimants matching the last name and full social security number of the claimant or Injured Party (as defined in the Questionnaire) contained in the Authorization, and/or (ii) claimants matching the claimant or Injured Party (as defined in the Questionnaire) last name and last four digits of the social security number in the Authorization. An electronic signature on the Authorization submitted through the Portal shall be treated as equivalent to a physical signature.  The Trusts and claims processing facilities shall not be subject to any actions, claims, or demands by claimants or any other parties as a result of their good faith compliance with this Order, the subpoenas, and the matching protocol contained therein.

5.      Questionnaire Responses shall be confidential in accordance with this Order and treated as such without need of any special designation by or on behalf of the responding Prepetition Mesothelioma Claimants.  Any entity granted access to Questionnaire Responses as provided in this Order must maintain the confidentiality of the same in a manner consistent with the obligations and restrictions imposed herein.

6.      Prepetition Mesothelioma Claimants and the Parties shall have standing to enforce the protections afforded to Questionnaire Responses by this Order.

NAI-1530019482

7.      As a precautionary measure, but not as a precondition to protection, the

Questionnaire Agent shall stamp the first page of any written Questionnaire Responses with the

following legend:  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER AND USE

RESTRICTIONS."

8.      Any entity that receives access to Questionnaire Responses as provided in

this Order shall provide for physical, managerial, and electronic security thereof such that

Questionnaire Responses are reasonably maintained and secured, ensuring that they are safe

from unauthorized access or use during utilization, transmission, and storage.

9.      Except as otherwise provided in paragraph 16 below, the Questionnaire

Responses, and any analyses, conclusions, summaries, excerpts, or redacted copies derived

therefrom, and any knowledge obtained therefrom, shall be used only in connection with the

Permitted Uses absent further order of the Court.

10.      Neither Questionnaire Responses nor any analyses, conclusions,

summaries, excerpts, or redacted copies derived therefrom may be (a) publicly disclosed except

pursuant to this Order, (b) used as a disclosed or undisclosed source in any article, study,

research, editorial, publication, presentation, or scholarly work, or in any lobbying materials

developed in connection with proposed legislation, (c) incorporated into or merged with any

preexisting database that is to be used or maintained for any purpose other than these

bankruptcy cases, or (d) used as evidence in connection with the defense or resolution of any

asbestos personal injury claim outside of these bankruptcy cases.

11.      If Questionnaire Responses maintained or converted to electronic form are

incorporated into or merged with any preexisting electronic information or database for purposes

of these bankruptcy cases (a "Merged Database"), the Merged Database must itself be treated as

NAI-1530019482

confidential to the same extent as the underlying Questionnaire Responses themselves, and shall be subject to the same use restrictions that this Order imposes on the Questionnaire Responses themselves. Any Merged Database relied upon by any expert submitting a report pursuant to Bankruptcy Rules 7026 or 9014 shall be produced to the other Parties no later than ten days after such report is served on the other Parties.

12.    Nothing in this Order shall restrict any person's right to make lawful use of:

a.    any discrete data set or materials that came into the possession of such person lawfully and free of any confidentiality obligation;

b.    any exhibit or other document that is placed on the public record in these bankruptcy cases in conformity with the restrictions set forth in paragraph 13 below or the *Agreed Protective Order Governing Confidential Information* [Dkt. 345], or any data or material that is or becomes publicly available other than by a breach of this Order; or

c.    any discrete data set or materials developed by or on behalf of such person independent of any Questionnaire Responses.

13.    In the event that, in the course of these bankruptcy cases, any Party intends to offer into evidence or otherwise use Questionnaire Responses in connection with testimony, argument, or filings in this Court, or any reviewing court, such Party shall provide at least ten days written notice to the Prepetition Mesothelioma Claimant or Prepetition Mesothelioma Claimants who provided the Questionnaire Responses (via counsel, where applicable) and may not divulge Questionnaire Responses except when the following conditions are met: (a) such information is relevant to these bankruptcy cases; (b) there is no reasonable manner to use such information without disclosing Questionnaire Responses; and (c) such Party has redacted or filed a proper motion to seal (or, in the case of categories (iii) and (vi) sought Court approval through a motion with notice to affected Prepetition Mesothelioma Claimants to introduce) (i) Social Security numbers (except last four digits), (ii) dates of birth (except year),

NAI-1530019482

(iii) names and addresses of claimant, claimant family members, and identifiable minors (except for their initials), (iv) financial account numbers (except last four digits), (v) medical information (except claimed disease, such as 'pleural mesothelioma,' 'peritoneal mesothelioma,' 'asbestosis,' or 'lung cancer,' and diagnosis date), and (vi) settlement amounts. Nothing herein shall prohibit an expert for any Party from using or referring to Questionnaire Responses in such expert's report, or testifying concerning Questionnaire Responses in open court, so long as such testimony or report does not reveal the information described in categories (i) through (vi) of the previous sentence, and further, no notice to Prepetition Mesothelioma Claimants or their counsel is required and such testimony or report may refer to settlement amounts so long as they are not linked to a claimant or law firm.

14.　In the event that an entity granted access to Questionnaire Responses pursuant to this Order receives a subpoena, interrogatory, or other request for the production or disclosure of any Questionnaire Responses, in whole or in part, to a third party (a "Third-Party Discovery Demand"), including a governmental or other regulatory body, such entity (a "Discovery Target") shall provide prompt written notice of any such request or requirement to the Prepetition Mesothelioma Claimant or Prepetition Mesothelioma Claimants who provided the information requested (via counsel, where applicable), with copies to the Parties, so that any of them may seek a protective order or other appropriate remedy or waive compliance with the provisions of this Order. Pending a timely effort to obtain such a protective order or other remedy to prevent the requested production or disclosure, or written waiver by the Prepetition Mesothelioma Claimant and each of the Parties of the right to seek such an order or remedy, the Discovery Target shall interpose an objection to the Third-Party Discovery Demand on the basis of this Order. If a motion for protective order is filed in this Court, a Discovery Target's

NAI-1530019482

obligations to comply with such Third-Party Discovery Demand are stayed and the Discovery

Target shall be restrained from providing Questionnaire Responses to such third party until the

motion for protective order is resolved by this Court.

15. Except as otherwise provided in a confirmed Chapter 11 plan of

reorganization for the Debtors (a "Plan"), within the one-year anniversary of the date of

substantial consummation of the Plan, each entity that has received Questionnaire Responses

shall destroy such Questionnaire Responses, including all physical copies and all electronically

stored versions thereof, in a commercially reasonable manner and continue to be bound by the

terms and obligations imposed by this Order, and shall certify such destruction in writing to

respective counsel of record for the Debtors, the Reorganized Debtors, the ACC, and the FCR;

provided, however, that the obligations of this paragraph shall not apply to copies of pleadings

and exhibits filed under seal with this Court, or to file copies in the possession of counsel of

record for the Prepetition Mesothelioma Claimants or for the Parties of papers prepared in

connection with these bankruptcy cases (e.g., pleadings, transcripts, interview or document

summaries, internal memoranda, written communications with professionals, experts, and

witnesses, depositions and exhibits thereto, court papers, and other papers prepared, created, or

served in connection with these bankruptcy cases); and provided, further, that the obligations of

this paragraph may be superseded and rendered inoperative if and to the extent that a confirmed

Plan specifically authorizes a particular entity to turn over Questionnaire Responses to an

asbestos trust created pursuant to the Plan.

16. Notwithstanding the foregoing, the Questionnaire Agent is authorized and

directed to preserve all Questionnaire Responses pending further order of the Court after notice

and a hearing.

NAI-1530019482

17.     Nothing in this Order shall restrict the right of any insurance carrier to

(a) seek access to all or some Questionnaire Responses or (b) object to any plan of reorganization

filed in these chapter 11 cases on any basis.

18.     Any person or entity who seeks relief from any provision of this Order

shall do so by motion in this Court on notice to the Parties, the Office of the United States

Bankruptcy Administrator for the Western District of North Carolina, and any Prepetition

Mesothelioma Claimants or other persons directly affected by the relief sought (via counsel,

where applicable).  The movant shall bear the burden of showing good cause for the requested

relief.

19.     This Court shall retain exclusive jurisdiction to interpret, apply, and

enforce this Order to the full extent permitted by law.

This Order has been signed electronically.                 United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of the Order

NAI-1530019482

## EXHIBIT 1

```
┌─────────────────────────────────┐
│  FILED & JUDGMENT ENTERED        │
│       Steven T. Salata           │
│  ┌───────────────────────────┐   │
│  │                           │   │
│  │      April 4 2022         │   │
│  │                           │   │
│  └───────────────────────────┘   │
│   Clerk, U.S. Bankruptcy Court   │
│  Western District of North Carolina │
└─────────────────────────────────┘
```

J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, *et al.*,[1] | Case No. 20-30608 (JCW) |
| Debtors. | (Jointly Administered) |

### ORDER (I) ESTABLISHING A BAR DATE
### FOR CERTAIN KNOWN MESOTHELIOMA CLAIMS,
### (II) APPROVING PROOF OF CLAIM FORM, (III) APPROVING
### NOTICE TO CLAIMANTS, AND (IV) GRANTING RELATED RELIEF

This matter coming before the Court on the *Joint Motion of the Debtors and the Future Claimants' Representative for an Order (I) Establishing a Bar Date for Certain Known Asbestos Claims, (II) Approving Proof of Claim Form, (III) Approving Personal Injury Questionnaire, (IV) Approving Notice to Claimants, and (V) Granting Related Relief* [Dkt. 471]

---

[1]  The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Aldrich Pump LLC (2290) and Murray Boiler LLC (0679).  The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

(the "Joint Motion"),[2] filed jointly by the above-captioned debtors (together, the "Debtors") and

the Future Claimants' Representative; the Court having reviewed the Joint Motion and having

heard the statements of counsel regarding the relief requested in the Joint Motion at hearings

before the Court held on January 28, 2021 and December 2, 2021 (together, the "Hearings"); the

Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Joint Motion and the

Hearings was sufficient under the circumstances; and the Court having determined that the legal

and factual bases set forth in the Joint Motion and at the Hearings establish just cause for the

relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      For the reasons stated on the record at the hearing on January 27, 2022

(the "January 27 Hearing") (which are incorporated herein by reference), the relief requested in

the Joint Motion as it relates to establishing a bar date for Prepetition Mesothelioma Claims (as

defined herein), is GRANTED in part and DENIED in part on the terms and conditions set forth

herein.

2.      Each holder of a Prepetition Mesothelioma Claim shall be required to

submit a proof of claim in accordance with the procedures described herein to avoid the potential

consequences set forth in paragraph 10 of this Order.

3.      For purposes of this Order and the relief granted herein:

    a.  "Prepetition Mesothelioma Claims" shall mean all claims against the
Debtors asserted in a lawsuit prior to the Petition Date for
mesothelioma relating in any way to asbestos or asbestos-containing
products for which the Debtors or their predecessors-in-interest,
including the former Ingersoll-Rand Company, a New Jersey

---

[2]      Capitalized terms not otherwise defined herein will have the meanings given to them in the Joint Motion.

corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; provided, however, that Prepetition Mesothelioma Claims shall not include asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws; provided, further, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date (as defined herein) shall apply to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims"); and

b.  the Prepetition Mesothelioma Claims Bar Date shall not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation, (i) non-asbestos-related claims, (ii) asbestos-related claims on account of diagnoses other than mesothelioma, (iii) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (iv) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either (A) except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date or (B) had not manifested, become evident, or been diagnosed as of the Petition Date.

4.      Holders of Prepetition Mesothelioma Claims who submit proofs of claim shall complete and submit a proof of claim substantially in the form attached hereto as Exhibit 1 (the "Prepetition Mesothelioma Claim Form").

5.      To avoid the potential consequences set forth in paragraph 10 of this Order, holders of Prepetition Mesothelioma Claims must complete their Prepetition Mesothelioma Claim Forms and either (i) submit them electronically through the electronic claims filing system maintained by Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, available at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim (the "Claims Website"), **by no later than 5:00 p.m. (prevailing Eastern time) on July 29, 2022**

(the "Prepetition Mesothelioma Claims Bar Date") or (ii) send them to KCC so as to be actually received by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date at the following address:

Aldrich Claims Processing Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

An electronic signature on a Prepetition Mesothelioma Claim Form submitted through the Claims Website shall be treated as equivalent to a physical signature.

6.      Consistent with the Court's ruling at the January 27 Hearing, every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim shall be required to complete and submit a personal injury questionnaire (the "Questionnaire"). The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.

7.      The forms of the Prepetition Mesothelioma Claim Form and the notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire (the "Bar Date / Questionnaire Notice"), in the forms attached hereto as Exhibits 1 & 2, respectively, and the manner of providing notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire, are approved in all respects. The form and manner of notice of the Prepetition Mesothelioma Claims Bar Date and the requirement to submit a Questionnaire approved herein are deemed to fulfill applicable notice and other due process requirements of the Bankruptcy Rules and applicable law as to those known claimants to which such notice is directed. Accordingly, the Debtors are authorized to serve the Notice Package (as defined herein) in the manner described in paragraph 8 below.

8.      As soon as practicable, but in any event no later than five business days after the date that the Court enters this Order, the Debtors, through KCC, shall serve on counsel of record for all known claimants who have asserted asbestos-related personal injury claims against the Debtors, as reflected in their schedules of assets and liabilities and statements of financial affairs, by first class United States mail, postage prepaid: (a) the Bar Date / Questionnaire Notice; (b) a Prepetition Mesothelioma Claim Form; (c) a copy of this Order; and (d) an individualized list of claimants represented by such counsel (collectively, (a)-(d), the "Notice Package"). Notwithstanding any provision of the Bankruptcy Code or Bankruptcy Rules, including, without limitation, Bankruptcy Rule 2002, which requires service of notice of the Prepetition Mesothelioma Claims Bar Date on all parties in interest in these Chapter 11 Cases, no other service of notice of the Prepetition Mesothelioma Claims Bar Date shall be required. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date / Questionnaire Notice and/or the Notice Package on other entities in order to apprise them of the Prepetition Mesothelioma Claims Bar Date.

9.      All claimants asserting Prepetition Mesothelioma Claims against one or both Debtors shall be required to submit only one Prepetition Mesothelioma Claim Form but shall be required to identify in such Prepetition Mesothelioma Claim Form whether the claim is against Aldrich, Murray, or both Debtors.

10.     Unless the Court orders otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Prepetition Mesothelioma Claim who fails to file a proof of claim with respect to such Prepetition Mesothelioma Claim in accordance with this Order by the Prepetition Mesothelioma Claims Bar Date shall be subject to such legal consequences as the Bankruptcy Code may prescribe or permit, which may include disallowance of the untimely filed

Prepetition Mesothelioma Claim and the barring, estopping, and enjoining of such holder from

(a) asserting any Prepetition Mesothelioma Claim against the Debtors (or against any entity that,

pursuant to any plan of reorganization, assumes liability for Prepetition Mesothelioma Claims),

(b) voting to accept or reject any plan or plans of reorganization, (c) participating in any

distribution in the Debtors' chapter 11 cases on account of such Prepetition Mesothelioma Claim

(including receiving any payment from an asbestos trust formed in the Debtors' chapter 11 cases

on account of such Prepetition Mesothelioma Claim), or (d) receiving further notices regarding

such Prepetition Mesothelioma Claim.  For the avoidance of doubt, nothing in this Order

expands the otherwise applicable consequences of failing to file a proof of claim by the

Prepetition Mesothelioma Claims Bar Date.

       11.    KCC is authorized and directed to preserve all Prepetition Mesothelioma

Claim Forms until such time as these cases are dismissed or a confirmation order entered in these

cases becomes a final order for the benefit of any trustee appointed for an asbestos trust created

pursuant to a confirmed chapter 11 plan of reorganization for the Debtors.  Upon the request of

such trustee, KCC shall transfer or otherwise dispose of all Prepetition Mesothelioma Claim

Forms as such trustee requests.

       12.    This Court shall retain jurisdiction to interpret, apply, and enforce this

Order to the full extent permitted by law.

This Order has been signed electronically.       United States Bankruptcy Court
The Judge's signature and Court's seal
appear at the top of the Order

**EXHIBIT 1**

**United States Bankruptcy Court for the Western District of North Carolina**

Mark one box to identify the applicable case(s):
- ❏ Aldrich Pump LLC (f/k/a Trane Technologies Company LLC and Ingersoll-Rand Company) (No. 20-30608)
- ❏ Murray Boiler LLC (f/k/a Trane U.S. Inc.) (No. 20-30609)
- ❏ Both Aldrich Pump LLC (f/k/a Trane Technologies Company LLC and Ingersoll-Rand Company) (No. 20-30608) and Murray Boiler LLC (f/k/a Trane U.S. Inc.) (No. 20-30609)

## Prepetition Mesothelioma Claim Form

**Read the instructions before filling out this form. This form is only for filing proofs of claim on account of Prepetition Mesothelioma Claims, as defined in the instructions.**

**Filers must leave out or redact** information that is entitled to privacy. See "Information that is entitled to privacy" in the instructions.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

| Part 1: | Identify the Prepetition Mesothelioma Claim |
|---|---|

| | |
|---|---|
| 1. **Identifying information:** | Name of Injured Party: _____<br><br>Last 4 digits of Injured Party's social security no.:  ___ ___ ___ ___ |
| 2. **Has this claim been acquired from someone else?** | ❏ No          ❏ Yes.<br>                              From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name: _____<br><br>Address: _____<br><br>City: _____ State: _____ Zip: _____<br><br>Contact Phone: _____<br><br>Contact Email: _____ | **Where should payments to the creditor be sent? (if different)**<br><br>Name: _____<br><br>Address: _____<br><br>City: _____ State: _____ Zip: _____<br><br>Contact Phone: _____<br><br>Contact Email: _____ |
| 4. **Does this claim amend one already filed?** | ❏ No          ❏ Yes. Claim number on court<br>                              claims registry (if known):<br>                              _____ | Filed on<br>(MM/DD/YYYY): _____ |
| 5. **Do you know if anyone else has filed a proof of claim for this Prepetition Mesothelioma Claim?** | ❏ No          ❏ Yes.<br>                              Who made the earlier filing? _____ |

| Part 2: | Information About the Prepetition Mesothelioma Claim |
|---|---|

| | |
|---|---|
| 6. **How much is the Prepetition Mesothelioma Claim?** | $_____ |
| 7. **The basis of the claim:** | The Injured Party has mesothelioma.<br><br>❏ Yes<br><br>❏ No |

NAI-1526211927

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑ I am the creditor.

❑ I am the creditor's attorney or authorized agent.

I understand that an authorized signature on this *Prepetition Mesothelioma Claim Form* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Prepetition Mesothelioma Claim Form* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date (MM/DD/YYYY): _____

Signature: _____

**Print the name of the person who is completing and signing this claim:**

First name: _____    Middle name: _____    Last name:_____

Title: _____

Company: _____

Address: _____

City: _____    State: _____    Zip: _____

Contact Phone: _____    Email: _____

# Instructions for Prepetition Mesothelioma Claim Form

United States Bankruptcy Court

These instructions and definitions generally explain the law. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

**Please complete your Prepetition Mesothelioma Claim Form online at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim OR send completed Prepetition Mesothelioma Claim Form to:**

Aldrich Claims Processing Center
c/o KCC
222 N. Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**Any Prepetition Mesothelioma Claim Form submitted by facsimile or electronic mail will not be accepted.**

## How to fill out this form

■ **Fill in all of the information about the claim.**

■ **Please mark one box at the top of the form to identify the applicable bankruptcy case(s).**

■ **Please fill in the identifying information requested**. List the name of the Injured Party and the last 4 digits of the Injured Party's social security number.

■ **If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.**

■ **Every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim will be required to complete and submit a personal injury questionnaire (the "Questionnaire"). The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.**

■ **The Prepetition Mesothelioma Claim Form does not require attachment of supporting documentation.**

■ **Either the claimant or the claimant's attorney must sign the Prepetition Mesothelioma Claim Form.**

■ **A Prepetition Mesothelioma Claim Form must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** *See* Bankruptcy Rule 9037.

■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

If you submit a Prepetition Mesothelioma Claim Form electronically, you will be provided with a date and time-stamped copy of the submitted Prepetition Mesothelioma Claim Form on the Claims Website that you can print or download, which confirms receipt by KCC.  If you want to receive acknowledgement of KCC's receipt of a Prepetition Mesothelioma Claim Form submitted by mail, you must submit by the Prepetition Mesothelioma Claims Bar Date and concurrently with submitting your original Prepetition Mesothelioma Claim Form (a) a copy of the original form and (b) a self-addressed, postage prepaid return envelope.

1

# Understand the terms used in this form

**Aldrich:** Aldrich Pump LLC.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claims Website:**
https://epoc.kccllc.net/PrepetitionMesotheliomaClaim

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtors:** Aldrich Pump LLC and Murray Boiler LLC, as debtors and debtors in possession.

**Information that is entitled to privacy:** A Prepetition Mesothelioma Claim Form must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Injured Party:** The person upon whose injury the Prepetition Mesothelioma Claim is based.

**KCC:** Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent.

**Murray:** Murray Boiler LLC.

**Petition Date:** June 18, 2020.

**Prepetition Mesothelioma Claim Form:** A proof of claim form to be used by holders of Prepetition Mesothelioma Claims.

**Prepetition Mesothelioma Claims:** Claims against the Debtors asserted in a lawsuit prior to the Petition Date for mesothelioma relating in any way to asbestos or asbestos-containing products for which the Debtors or their predecessors-in-interest, including the former Ingersoll-Rand Company, a New Jersey corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; provided, however, that Prepetition Mesothelioma Claims do not include asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws; provided, further, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date applies to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims").

**Prepetition Mesothelioma Claims Bar Date: July 29, 2022**.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Prepetition Mesothelioma Claim Form. **See "Information that is entitled to privacy."**

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Parties for whom the Prepetition Mesothelioma Claims Bar Date does <u>not</u> apply

The Prepetition Mesothelioma Claims Bar Date does not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation: (a) non-asbestos-related claims, (b) asbestos-related claims on account of diagnoses other than mesothelioma, (c) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (d) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either:

(i)      except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date, or
(ii)     had not manifested, become evident, or been diagnosed as of the Petition Date.

**Do not file these instructions with your form.**

2

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, *et al.*,[1] | Case No. 20-30608 (JCW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF BAR DATE FOR CERTAIN MESOTHELIOMA CLAIMS

On [_____], 2022, the United States Bankruptcy Court for the Western District of North Carolina (the "Court") entered an order (the "Bar Date Order") in the above captioned chapter 11 cases establishing a claims bar date for certain asbestos-related claims.  Pursuant to the Bar Date Order, the Court has established **July 29, 2022** (the "Prepetition Mesothelioma Claims Bar Date") as the date by which holders of Prepetition Mesothelioma Claims (as defined below) are required to submit a proof of claim to avoid the potential consequences set forth in paragraph 10 of the Bar Date Order and described herein.

### WHO MUST SUBMIT A PROOF OF CLAIM
### FORM BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE

The Bar Date Order requires claimants asserting Prepetition Mesothelioma Claims to submit proofs of claim by the Prepetition Mesothelioma Claims Bar Date.  "**Prepetition Mesothelioma Claims**" include all claims against the Debtors asserted in a lawsuit prior to June 18, 2020 (the "Petition Date") for mesothelioma relating in any way to asbestos or asbestos-containing products for which the Debtors or their predecessors-in-interest, including the former Ingersoll-Rand Company, a New Jersey corporation ("Old IRNJ") and Trane U.S. Inc. ("Old Trane") are alleged to be responsible; provided, however, that Prepetition Mesothelioma Claims do not include asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws; provided, further, that for law firms party to an agreement establishing a structure for either Debtor, Old IRNJ, or Old Trane to resolve claims against them without being named as a defendant in a lawsuit in the tort system, the Prepetition Mesothelioma Claims Bar Date applies to all mesothelioma claims governed by said agreement and for which, pursuant to said agreement, statutes of limitation have been tolled by the filing of an asbestos related lawsuit against any entity in the tort system prior to June 18, 2020 (the "Settlement Agreement Claims").

---

[1]       The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses):  Aldrich Pump LLC (2290) and Murray Boiler LLC (0679).  The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

### WHO DOES NOT NEED TO SUBMIT A PROOF OF CLAIM FORM AT THIS TIME

The Prepetition Mesothelioma Claims Bar Date does not apply to any claim or demand against, or interest in, the Debtors other than Prepetition Mesothelioma Claims including, without limitation:  (a) non-asbestos-related claims, (b) asbestos-related claims on account of diagnoses other than mesothelioma, (c) asbestos-related claims for which the exclusive remedy is provided under workers' compensation statutes and similar laws, and (d) claims against one or both of the Debtors based on, arising out of, or related to asbestos-related injury, disease, or death that either (i) except for any Settlement Agreement Claims, had manifested, become evident, or been diagnosed as of the Petition Date, but for which a claim had not been asserted against one or both of the Debtors as of the Petition Date, or (ii) had not manifested, become evident, or been diagnosed as of the Petition Date.

### PROCEDURES FOR SUBMITTING PROOFS OF CLAIM

As further described below, claimants asserting Prepetition Mesothelioma Claims must complete and submit a proof of claim form substantially in the form attached to the Bar Date Order as Exhibit 1 (each, a "Prepetition Mesothelioma Claim Form").   To avoid the potential consequences set forth in paragraph 10 of the Bar Date Order, holders of Prepetition Mesothelioma Claims must complete their Prepetition Mesothelioma Claim Forms and either (i) submit them electronically through the electronic claims filing system maintained by Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and noticing agent, available at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim (the "Claims Website"), **by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date** or (ii) send them to KCC so as to be actually received **by no later than 5:00 p.m. (prevailing Eastern time) on the Prepetition Mesothelioma Claims Bar Date** at the following address:

**Aldrich Claims Processing Center**
**c/o KCC**
**222 N. Pacific Coast Highway, Suite 300**
**El Segundo, CA 90245**

An electronic signature on a Prepetition Mesothelioma Claim Form submitted through the Claims Website will be treated as equivalent to a physical signature.

Any Prepetition Mesothelioma Claim Form submitted by facsimile or electronic mail will not be accepted.

If you submit a Prepetition Mesothelioma Claim Form electronically, you will be provided with a date and time-stamped copy of the submitted Prepetition Mesothelioma Claim Form on the Claims Website that you can print or download, which confirms receipt by KCC.  If you want to receive acknowledgement of KCC's receipt of a Prepetition Mesothelioma Claim Form submitted by mail, you must submit by the Prepetition Mesothelioma Claims Bar Date and concurrently with submitting your original Prepetition Mesothelioma Claim Form (a) a copy of the original form and (b) a self-addressed, postage prepaid return envelope.

## THE REQUIREMENT TO SUBMIT A PERSONAL INJURY QUESTIONNAIRE

The Bar Date Order further provides that every claimant who completes and submits a Prepetition Mesothelioma Claim Form on account of a Prepetition Mesothelioma Claim will be required to complete and submit a personal injury questionnaire (the "Questionnaire").  The precise form and the deadlines and requirements for completion and submission of Questionnaires will be established by and set forth in a subsequent Order of the Court.

## FILING PROOFS OF CLAIM AGAINST
## BOTH DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

Claimants asserting Prepetition Mesothelioma Claims against one or both Debtors are required to submit only one Prepetition Mesothelioma Claim Form but must identify in such Prepetition Mesothelioma Claim Form whether the claim is against Aldrich, Murray, or both Debtors.

## EFFECT OF FAILURE TO FILE A PROOF OF CLAIM

**PURSUANT TO PARAGRAPH 10 OF THE BAR DATE ORDER, ANY HOLDER OF A PREPETITION MESOTHELIOMA CLAIM WHO FAILS TO FILE A PROOF OF CLAIM WITH RESPECT TO SUCH PREPETITION MESOTHELIOMA CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE  SHALL BE SUBJECT TO SUCH LEGAL CONSEQUENCES AS THE BANKRUPTCY CODE MAY PRESCRIBE OR PERMIT, WHICH MAY INCLUDE DISALLOWANCE OF THE UNTIMELY FILED PREPETITION MESOTHELIOMA CLAIM AND THE BARRING, ESTOPPING, AND ENJOINING OF SUCH HOLDER FROM (A) ASSERTING ANY PREPETITION MESOTHELIOMA CLAIM AGAINST THE DEBTORS (OR AGAINST ANY ENTITY THAT, PURSUANT TO ANY PLAN OF REORGANIZATION, ASSUMES LIABILITY FOR PREPETITION MESOTHELIOMA CLAIMS), (B) VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OF REORGANIZATION, (C) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION MESOTHELIOMA CLAIM (INCLUDING RECEIVING ANY PAYMENT FROM AN ASBESTOS TRUST FORMED IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION MESOTHELIOMA CLAIM), OR (D) RECEIVING FURTHER NOTICES REGARDING SUCH PREPETITION MESOTHELIOMA CLAIM.  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE BAR DATE ORDER EXPANDS THE OTHERWISE APPLICABLE CONSEQUENCES OF FAILING TO FILE A PROOF OF CLAIM BY THE PREPETITION MESOTHELIOMA CLAIMS BAR DATE.**

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a proof of claim, you may contact KCC at (866) 573-9926 or visit the Claims Website at https://epoc.kccllc.net/PrepetitionMesotheliomaClaim.  You also may contact KCC by email at aldrichinfo@kccllc.com or by writing to 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245 (Attn: Aldrich Claims Processing Center).  Additional copies of the Prepetition Mesothelioma Claim Form may be obtained by calling KCC or by downloading the Prepetition Mesothelioma Claim Form from the Claims Website.


## RESERVATION OF RIGHTS

The Debtors reserve the right to (a) dispute, or to assert offsets, defenses, or counterclaims against, any claim for which a proof of claim is filed as to nature, amount, liability, classification, or otherwise; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.


Dated: _____, 2022

/s/ A. Cotten Wright
A. Cotten Wright (State Bar No. 28162)
GRIER WRIGHT MARTINEZ, PA
521 E Morehead Street, Suite 440
Charlotte, NC 28202
Telephone: (704) 332-0207
Facsimile: (704) 332-0215
Email: cwright@grierlaw.com

-and-

Jonathan P. Guy, Esq.
Debbie L. Felder, Esq.
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
Email: jguy@orrick.com
        dfelder@orrick.com
(Admitted *pro hac vice*)

COUNSEL FOR JOSEPH W. GRIER, III,
FUTURE CLAIMANTS' REPRESENTATIVE

BY ORDER OF THE COURT

/s/ John R. Miller, Jr.
C. Richard Rayburn, Jr. (NC 6357)
John R. Miller, Jr. (NC 28689)
RAYBURN COOPER & DURHAM, P.A.
227 West Trade Street, Suite 1200
Charlotte, North Carolina  28202
Telephone:  (704) 334-0891
Facsimile:  (704) 377-1897
E-mail:  rrayburn@rcdlaw.net
         jmiller@rcdlaw.net

-and-

Brad B. Erens (IL Bar No. 06206864)
Mark A. Cody (IL Bar No. 6236871)
Caitlin K. Cahow (IL Bar No. 6317676)
JONES DAY
77 West Wacker
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
E-mail:  bberens@jonesday.com
         macody@jonesday.com
         ccahow@jonesday.com
(Admitted *pro hac vice*)

-and-

Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
(Admitted *pro hac vice*)

-and –

C. Michael Evert, Jr.
EVERT WEATHERSBY HOUFF
3455 Peachtree Road NE, Suite 1550
Atlanta, Georgia 30326
(Admitted *pro hac vice*)

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## EXHIBIT 2

## PURPOSE OF QUESTIONNAIRE

The U.S. Bankruptcy Court for the Western District of North Carolina has authorized Aldrich Pump LLC and Murray Boiler LLC ("Aldrich" and "Murray" or the "Debtors") to issue this Questionnaire to claimants who have submitted a proof of claim in the Debtors' chapter 11 cases on account of mesothelioma allegedly caused by exposure to a product manufactured or distributed by Aldrich or Murray, or the former Ingersoll-Rand Company or former Trane U.S. Inc., which claim was asserted in a complaint that was filed, or otherwise communicated and made known to Aldrich or Murray, or the former Ingersoll-Rand Company or former Trane U.S. Inc. prior to June 18, 2020 (a "Mesothelioma Claim")

**This Questionnaire is only to be answered by claimants who have submitted a proof of claim in this bankruptcy case.**

The Debtors are pursuing reorganization in a chapter 11 case in the Bankruptcy Court, referred to as *In re Aldrich Pump LLC, et al.,* Case No. 20-30608 (Bankr. W.D.N.C.).

The purpose of this Questionnaire is to obtain certain information about each Mesothelioma Claim with respect to the topics noted below. **If you are a Mesothelioma Claimant, you must provide accurate, complete, and timely responses to this Questionnaire consistent with the instructions that are included on pages 3-6 of the Questionnaire.** All information provided in response to this Questionnaire will be treated as confidential pursuant to an order of the Bankruptcy Court. The use of this information is expressly limited to this bankruptcy case.

## INFORMATION FOR MESOTHELIOMA CLAIMANTS

If you have a Pending Mesothelioma Claim against Aldrich, Murray, or both, you are directed to complete and submit this Questionnaire on or before December 16, 2022. **Please note that this Questionnaire is different from the proof of claim submitted in this bankruptcy case, and must be sent to a different electronic portal or address (see below).**

Each Mesothelioma Claimant will be provided a unique copy of this Questionnaire. If you have been provided such a copy, you must provide your answers on it and upload it through the electronic portal or send it in the mail. In addition, if you answer by mail, you are permitted and encouraged to provide any attachments in electronic format (for example, on a CD or thumb drive), where feasible.

You may upload your completed Questionnaire responses and any attachments electronically through the electronic portal (the "Portal") supported by Donlin, Recano and Company, Inc. (the "Questionnaire Agent"), and located at https://aldrich.donlinrecano.com. As described on the Portal, claimants or their counsel may either complete the Questionnaire by (1) following the guided prompts on the Portal, typing responses, and then uploading required documents, or (2) downloading a copy of the blank Questionnaire, completing it offline, and then uploading the completed Questionnaire along with required documents. If you plan to complete this Questionnaire in hard copy, **make an extra copy before** beginning to complete this Questionnaire as some claimants will require additional pages.

In the alternative, you have the option of submitting your completed Questionnaire responses and any attachments by mail. If this is your preference, please deposit your completed Questionnaire, along with any attachments, in the U.S. Mail (and include the required postage) postmarked no later than December 16, 2022, addressed as follows:

**If sent by U.S. Mail, send to:**
Donlin, Recano & Company, Inc.
Re: Aldrich Pump LLC and Murray Boiler LLC
P.O. Box 199043 Blythebourne Station
Brooklyn, NY  11219

**If sent by hand delivery or overnight courier, send to:**
Donlin, Recano & Company, Inc.
Re: Aldrich Pump LLC and Murray Boiler LLC
6201 15th Avenue
Brooklyn, NY  11219

Information regarding the Debtors' chapter 11 cases, including copies of the Order (I) Establishing a Bar Date for Certain Known Asbestos Claims, (II) Approving Proof of Claim Form, (III) Approving Personal Injury Questionnaire, (IV) Approving Notice to Claimants, and (V) Granting Related Relief [Dkt. 1093], are available for inspection free of charge at https://aldrich.donlinrecano.com.

For general questions about this Questionnaire, please email aldrichinfo@donlinrecano.com or call toll-free 877-297-1747.

For technical questions about the Portal, please email aldrichinfo@donlinrecano.com or call toll-free 877-297-1747.

**NOTE:**

Claimants completing the Questionnaire in hard copy should make an additional copy or multiple copies of the Questionnaire **before** completing the Questionnaire, as some pages require duplication prior to completion.

When information is requested of "you" in this Questionnaire, "you" and "your" is defined as the Mesothelioma Claimant, The Injured Party (if different), and counsel for the Claimants and/or Injured Party.

A glossary of defined terms is attached as page 60 to this Questionnaire.

## PART 1: STATUS OF MESOTHELIOMA CLAIM

- In Part 1, "Pending" means that the lawsuit or other mesothelioma claim on which you based your proof of claim in the Debtors' chapter 11 cases has not been dismissed, settled, or closed. "Settled" means a Mesothelioma Claim for which there is an agreed settlement confirmed in writing with one or both of the Debtors or their predecessors, the former Ingersoll-Rand Company and/or former Trane U.S. Inc. prior to June 18, 2020. "Required Settlement Documentation" shall mean all documents required by the Debtors in order to complete, finalize, and process the settlement, including, but not limited to, asbestos exposure information, medical records, and a fully and properly executed agreed form of release.
- The "PIQ ID" is a unique numerical identifier assigned to each Mesothelioma Claimant by the Questionnaire Agent, which must be used in responding to this Questionnaire.

## PART 2: INJURED PARTY INFORMATION

- In Part 2, provide identifying information for the person diagnosed with mesothelioma (the "Injured Party").

## PART 3: RELATED CLAIMANT INFORMATION

- Only complete Part 3 if the Mesothelioma Claimant is a "Related Claimant," rather than the Injured Party.

As used in this Questionnaire, the term "Related Claimant" means a person who is not the Injured Party but who is making a claim based on or derived from the Injured Party's mesothelioma, either in a representative capacity (e.g., the personal representative of the Injured Party's estate suing for the Injured Party's injuries), or in an independent capacity (e.g., a family member suing for his or her own losses based on the alleged personal injury to or wrongful death of the Injured Party).

## PART 4: LAW FIRM INFORMATION

In Part 4, provide contact information for the law firm that represents the Mesothelioma Claimant with respect to the Mesothelioma Claim. Also provide the identity of any other law firm(s) that has an attorney-client relationship with the Mesothelioma Claimant in regard to his or her asbestos claims, whether in lawsuits, in making claims against trusts established to pay claims against bankrupt asbestos defendants ("Trusts"), or otherwise.

## PART 5: INFORMATION ON MESOTHELIOMA DIAGNOSIS

- To support a mesothelioma diagnosis listed in Part 5, submit at least one report from a qualified physician with information regarding the Injured Party's diagnosis. Mesothelioma Claimants may submit additional documentation, such as x-rays, lab tests and medical exam reports. A death certificate must be accompanied by pathology or autopsy findings. In addition, the diagnosis must include a pathology or operative report that indicates a definitive diagnosis of mesothelioma.

## PART 6:  ALLEGED EXPOSURE

- In Parts 6A, 6B, and 6C, "Secondary" or "Household" exposure means alleged exposure of the Injured Party to asbestos through another person (the "Primary Exposed Person") who worked with or around asbestos or asbestos- containing products. An example would be asbestos exposure of the Injured Party allegedly resulting from a person that brought home asbestos fibers on his or her clothes.
- In  Parts 6A, 6B, and 6C, if you do not know the answer to a question, please leave that question blank. To the extent the answer is partially known (for example, the year when exposure began or ended but not the day or month), please provide the information that is known.

**PARTS 6A and 6B: ALLEGED EXPOSURE TO ALDRICH AND MURRAY PRODUCTS**

- In Parts 6A and 6B, identify whether the Mesothelioma Claimant alleges the Injured Party was exposed to asbestos from asbestos-containing products for which Aldrich or Murray is alleged to be responsible. The products for which Aldrich is alleged to be responsible are the same products for which former Ingersoll-Rand Company was alleged to be responsible. The products for which Murray is alleged to be responsible are the same products for which former Trane U.S. Inc. was alleged to be responsible. Answer the questions with respect to the Injured Party's occupational and non-occupational exposures to asbestos products which you allege are attributable to Aldrich or Murray equipment.

- **Complete a separate Part 6A or Part 6B for every site from which the Mesothelioma Claimant alleges Aldrich Exposure or Murray Exposure**. Use as many copies of Part 6A or Part 6B as necessary to answer for all sites where alleged Aldrich Exposure or Murray Exposure occurred and assign a number for each site. In the case of Secondary or Household exposure, list information for each job or non-occupational site where primary exposure allegedly occurred and provide the required information regarding the Primary Exposed Person's alleged exposure during the periods when the secondary exposed person claims exposure.

- Use the attached Occupation Codes (Table O-1) [pages 6-7], Equipment Codes (Table E-1) [pages 8-9], and Activity Codes (Table AC-1) [page 10] for use in completing Parts 6A and 6B. If more than one Occupational Code applies, you may use more than one or all that apply.

**PART 6C: ALLEGED EXPOSURE TO ASBESTOS UNRELATED TO ALDRICH AND MURRAY**

- In Part 6C, answer the questions with respect to the Injured Party's occupational and non-occupational alleged exposures to asbestos unrelated to Aldrich and Murray.

- In this section, identify each job or non-occupational site at which the Injured Party allegedly experienced asbestos exposure in any form for which you allege companies other than Aldrich and Murray are responsible ("Non-Aldrich and Non-Murray Exposure"). Use as many copies of this page as necessary to answer for all jobs and non-occupational sites where alleged Non-Aldrich and Non-Murray Exposure occurred and assign a number for each job or non-occupational site. In the case of Secondary or Household exposure, list information for each job or non-occupational site where primary exposure allegedly occurred and provide the required information regarding the Primary Exposed Person's alleged exposure during the periods when the Secondary of Household exposure occurred.

**PART 7: INJURED PARTY/MESOTHELIOMA CLAIMANT ECONOMIC LOSS INFORMATION**

- Provide the information requested in Part 7 regarding the Injured Party's alleged economic losses and dependents.

- For answering questions related to occupation and industry, do not use the Occupation Codes.

**PART 8:  LITIGATION AND OTHER CLAIMS RELATED TO THE INJURED PARTY'S ALLEGED ASBESTOS EXPOSURE**

- Provide the information requested in Part 8 regarding all payments received from Trusts and entities that are not Trusts (e.g., other defendants).

- Then, for every lawsuit based on the Injured Party's mesothelioma (or any other asbestos-related condition), provide the requested information in Part 8A and complete Tables A, B, and C. Answer these questions regardless of whether Aldrich Pump LLC, Murray Boiler LLC, Ingersoll-Rand, or Trane was a defendant in the lawsuit. Please note that although attached complaints can answer many questions in Part 8A, they do not answer the questions concerning whether claims have been resolved through verdict and related questions.
- *See* below for "Option to Respond by Producing Documents."

**PART 9: CERTIFICATION**

- Either the claimant or the claimant's attorney must sign the appropriate certification.

## PART 10: ATTACHMENT OF TRUST CLAIM FORMS

- The claimant must submit copies of all Trust claim forms submitted by or on behalf of the claimant or Injured Party to Trusts listed in Table B (or the electronic equivalent if submitted electronically), along with any other documents submitted such as deposition transcripts, affidavits, invoices, etc. Alternatively, the Mesothelioma Claimant may execute the authorization attached as Exhibit 1 for lawyers for Aldrich and Murray to obtain the claim forms and their attachments directly from the Trusts (the "Authorization"). The Authorization must be signed by the Mesothelioma Claimant (not just the attorney) and notarized. Please note that if you choose to execute the Authorization, it must contain the full Social Security numbers of the Injured Party and Mesothelioma Claimant.

## PART 11: OTHER CASE DOCUMENTS

- Each Mesothelioma Claimant must attach copies of the following documents in the possession, custody, or control of the claimant or the claimant's counsel (or upload them through the Portal):
  - All depositions that are in the Mesothelioma Claimant's or his/her attorney's possession taken in any lawsuits listed in Part 8A that relate in any way to the Injured Party's alleged exposures to asbestos or asbestos- containing products.
  - All written discovery (including interrogatories and requests for admission) that are in the Mesothelioma Claimant's or his/her attorney's possession answered on behalf of the Injured Party or Related Claimant in any of the lawsuits listed in Part 8A.
  - All expert reports that are in the Mesothelioma Claimant's or his/her attorney's possession produced by any party in a lawsuit listed in Part 8A.
  - Social Security printout and copy of union or employment records relevant to the Injured Party's asbestos exposure (where available) that are in the Mesothelioma Claimant's or his/her attorney's possession. In the case of alleged Secondary or Household exposure, provide the Social Security printout and copy of union or employment of the person who worked with or around asbestos or asbestos-containing products who brought home asbestos fibers on his or her clothes (i.e., the Primary Exposed Person); and
  - Copy of medical records (or autopsy report) confirming diagnosis of mesothelioma **at least one report from a qualified physician** with information regarding the Injured Party's diagnosis. Mesothelioma Claimants may submit additional documentation, such as x-rays, lab tests and medical exam reports. The submitted evidence should comply with recognized medical standards regarding testing methods, equipment and procedures. A death certificate must be accompanied by pathology or autopsy findings. In addition, the diagnosis must include a pathology or operative report that indicates a diagnosis of mesothelioma.

## OPTION TO RESPOND BY PRODUCING DOCUMENTS  (APPLICABLE TO PARTS 6, 7, AND 8)

- In lieu of providing a written response to Part 6, 7, or 8, or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, bankruptcy trust claim forms, or expert reports that provide true and complete information responsive to the questions answered by this alternative means.

## OCCUPATION CODES – Table O-1

**INSTRUCTIONS:** *Use these Occupation Codes when completing* **PART 6: ALLEGED EXPOSURE**

| Code | Occupation | Code | Occupation |
|------|------------|------|------------|
| O-1 | Gasket cutter (secondary manufacturing only) | O-21B | Engineer (other industries) |
| O-2 | Plumber | O-22A | Furnace worker / repairman / installer (chemical, construction trades iron/steel, maritime, military, petrochemical, shipyard construction/repair, and utilities industries) |
| O-3 | Maritime machinery repairman | | |
| O-4 | Maritime machinist's mate | | |
| O-5A | Millwright (chemical, maritime, military, petrochemical, shipyard construction/repair, textile, and utilities industries) | O-22B | Furnace worker / repairmen / installer (other industries) |
| | | O-23 | Laborer |
| O-5B | Millwright (other industries) | O-24 | Navy / maritime – other shipboard |
| O-6 | Pipefitter | O-25 | Power plant operator |
| O-7 | Steamfitter | O-26 | Railroad worker (railroad industry) |
| O-8 | Boiler technician / repairman / boilermaker | O-27 | Rubber / tire worker (tire/rubber industry) |
| O-9A | Fireman (chemical, maritime, military, petrochemical, shipyard construction/repair, utilities industries) | O-28 | Seaman |
| | | O-29A | Sheet metal worker / sheet metal mechanic (chemical, construction trades, iron/steel, maritime, military, shipyard construction/repair, and utilities industries) |
| O-9B | Fireman (other industries) | | |
| O-10A | Machinist (maritime, military, shipyard construction/repair, utilities industries) | | |
| | | O-29B | Sheet metal worker / sheet metal mechanic (other industries) |
| O-10B | Machinist (other industries) | | |
| O-11 | Maritime engineman, oiler, wiper | O-30 | Shipyard worker (mainland repair, maintenance) |
| O-12 | Refinery worker (chemical, longshore, and petrochemical industries) | | |
| | | O-31 | Steelworker (construction trades and iron/steel industries) |
| O-13 | Shipfitter / shipwright / ship builder (construction trades, maritime, military, and shipyard construction/repair industries) | | |
| | | O-32 | Welder |
| O-14 | Air conditioning and heating installer / maintenance | O-33 | Asbestos sprayer / spray gun mechanic |
| | | O-34 | Brick mason / layer / hod carrier |
| O-15 | Assembly line / factory / plant worker | O-35 | Carpenter |
| O-16 | Building maintenance / superintendent (industrial) | O-36 | Clerical / office worker |
| | | O-37A | Custodian / janitor in office / residential building (construction trades) |
| O-17 | Burner operator | | |
| O-18 | Construction (commercial or industrial) | O-37B | Custodian / janitor in office / residential building (other industries) |
| O-19 | Custodian / janitor (industrial environment) | | |
| O-20 | Electrician | O-38 | Firefighter |
| O-21A | Engineer (chemical, construction trades, iron/steel, military, petrochemical, shipyard construction/repair, and utilities industries) | O-39 | Foundry worker |
| | | O-40 | Glass worker |

| Code | Occupation | Code | Occupation |
|------|------------|------|------------|
| **O-41** | Heavy equipment operator (industrial environment) | **N-1** | U.S. Navy machinery repairman |
| **O-42** | Insulator | **N-2** | U.S. Navy machinist's mate |
| **O-43** | Iron worker | **N-3** | U.S. Navy pipefitter |
| **O-44** | Joiner (construction trades, maritime, military) | **N-4** | U.S. Navy boiler technician, boilermaker |
| **O-45** | Longshoreman, rigger, stevedore (longshore, maritime, petrochemical, and shipyard construction/repair industries) | **N-5** | U.S. Navy engineman, oiler, wiper |
| | | **N-6** | U.S. Navy fireman |
| **O-46** | Mixer / bagger | **N-7** | U.S. Navy controlman |
| **O-47** | Painter (commercial/industrial environment) | **N-8** | U.S. Navy electrician's mate |
| **O-48** | Plasterer | **N-9** | U.S. Navy gas turbine system technician |
| **O-49** | Sandblaster | **N-10** | U.S. Navy instrument man |
| **O-50** | Warehouse worker (industrial environment) | | |
| **O-51** | Asbestos miner | | |
| **O-52** | Asbestos plant / asbestos manufacturing worker | | |
| **O-53** | Asbestos removal / abatement | | |
| **O-54** | Auto mechanic / brake repairmen, installer | | |
| **O-55** | Brake manufacturer / installer | | |
| **O-56** | Chipper / grinder | | |
| **O-57** | Flooring installer / tile installer / tile mechanic | | |
| **O-58** | Non-asbestos miner | | |
| **O-59** | Non-occupational / residential / do-it-yourself (DIY). Unless otherwise indicated, any occupation in a residential/do-it-yourself or non-industrial environment will be classified in this group. | | |
| **O-60** | Professional (industrial environment) | | |
| **O-61** | Other (describe): _____ | | |

EQUIPMENT CODES:
TABLE E-1

**INSTRUCTIONS**: *Use these Equipment codes when completing* **PART 6: ALLEGED EXPOSURE**

| Code | Equipment Name | Equipment Known As | Code | Equipment Name | Equipment Known As |
|------|----------------|--------------------|------|----------------|--------------------|
| | | | Aldrich Equipment Codes | | |
| P-01 | Ingersoll-Rand Compressor | | P-08 | | Dresser-Rand Turbine |
| P-02 | Ingersoll-Rand Condenser | | P-09 | Ingersoll-Rand Drilling Equipment | |
| P-03 | Ingersoll-Rand Pump | | P-10 | | S&S Scoops |
| P-04 | | Aldrich Pump | P-11 | Ingersoll-Rand Mining Equipment | |
| P-05 | | Cameron Pump | P-12 | | Lee Norse Mining Equipment |
| P-06 | | Ingersoll-Dresser Pump or IDP | P-13 | | S&S Mining Equipment |
| P-07 | Ingersoll-Rand Turbine | | P-14 | | Simmons-Rand Mining Equipment |
| OAP-1 | Aldrich Equipment – Other | If you select this code, you must complete the question in Part 6A, "If you believe the Injured Party's exposure to asbestos for which you allege Aldrich is responsible falls outside the Equipment Codes and Activity Codes listed in Table AC-1 [page 10] and Table E-1 [page 8], please explain in detail the facts and circumstances surrounding the Injured Party's alleged exposure to asbestos for which you believe Aldrich may be liable." | | | |
| | | | Murray Equipment Codes | | |
| P-15 | American Blower Industrial Fans | | P-54 | Trane Boiler | |
| P-16 | American Standard Boiler | | P-55 | Trane Chiller | |
| P-17 | | Acme | P-56 | Trane Compressor | |

| P-18 | | American Radiator Company | P-57 | Trane Evaporator | |
| P-19 | | American Radiator and Standard Sanitary | P-58 | Trane Furnace | |
| P-20 | | Arco | P-59 | Trane HVAC unit | |
| P-21 | | Arcofire | P-60 | Trane Radiator | |
| P-22 | | Arcoflash | P-61 | Trane Refrigeration Unit | |
| P-23 | | Arcola | P-62 | Trane Steam Traps | |
| P-24 | | Arcoleader | P-63 | Trane Valves | |
| P-25 | | Arcoliner | P-64 | Union Switch & Signal railroad signaling equipment | |
| P-26 | | Electra | P-65 | Union Switch & Signal railroad switching equipment | |
| P-27 | | Empire | P-66 | WABCO Railroad Compressor | |
| P-28 | | Exbrook | P-67 | WABCO Railroad brakes | |
| P-29 | | Fox | P-68 | | COBRA Railroad brakeshoes |
| P-30 | | Ideal | P-69 | WABCO Heavy mining equipment | |
| P-31 | | Invincible | P-70 | | Le Tourneau heavy mining equipment |
| | | | P-71 | WABCO Off-road vehicle equipment | |
| | | | P-72 | | WABCO Haulpak trucks |
| P-32 | | Magazine | OMP-1 | Murray Equipment – Other | If you select this code, you must complete the question in Part 6B, "If you believe the Injured Party's exposure to asbestos for which you allege Murray is responsible falls outside the Equipment Codes and Activity Codes listed in Table AC-1 [page 10] and Table E-1 [page 8], please explain in detail the facts and circumstances surrounding the Injured Party's alleged exposure to asbestos for which you believe Murray may be liable." |

| P-33 | | Oakmont | | | |
|---|---|---|---|---|---|
| P-34 | | Redflash | | | |
| P-35 | | Severn | | | |
| P-36 | | Standard | | | |
| P-37 | | Sunbeam | | | |
| P-38 | American Standard Furnace | | | | |
| P-39 | American Standard Valves | | | | |
| P-40 | | Arco | | | |
| P-41 | | Belknap | | | |
| P-42 | | Detroit Lubricants | | | |
| P-43 | | D.T. Williams | | | |
| P-44 | | Ideal | | | |
| P-45 | Fox Furnace | | | | |
| P-46 | Kewanee Boiler | | | | |
| P-47 | Majestic Fireplace | | | | |
| P-48 | Murray Boiler | | | | |
| P-49 | Murray Turbine | | | | |
| P-50 | Ross Heat Exchanger | | | | |
| P-51 | Sunbeam Furnace | | | | |
| P-52 | Trane Absorber | | | | |
| P-53 | Trane Air Handling Unit | | | | |

| ACTIVITY CODES – TABLE AC-1 | |
|---|---|
| **INSTRUCTIONS**: Use these Activity Codes when completing **PART 6** | |
| **AC–1** | Personally removed asbestos-containing gaskets from Aldrich equipment |
| **AC-2** | Personally removed asbestos-containing packing from Aldrich equipment |
| **AC-3** | Personally replaced asbestos-containing gaskets from Aldrich equipment |
| **AC-4** | Personally replaced asbestos-containing packing from Aldrich equipment |
| **AC-5** | Worked in the presence of others removing or replacing asbestos-containing gaskets or packing from Aldrich equipment |
| **AC-6** | Personally removed asbestos-containing friction products (brakes, clutches) from Aldrich equipment (Equipment Codes P-9 through P-14 only) |
| **AC-7** | Personally replaced asbestos-containing friction products (brakes, clutches) from Aldrich equipment (Equipment Codes P-9 through P-14 only) |
| **AC-8** | Worked in the presence of others removing or replacing asbestos-containing gaskets, packing, or friction products (brakes, clutches) from Aldrich equipment (Equipment Codes P-9 through P-14 only) |
| **AC-9** | Personally removed asbestos-containing gaskets from Murray equipment |
| **AC-10** | Personally removed asbestos-containing packing from Murray equipment |
| **AC-11** | Personally replaced asbestos-containing gaskets from Murray equipment |
| **AC-12** | Personally replaced asbestos-containing packing from Murray equipment |
| **AC-13** | Worked in the presence of others removing or replacing asbestos-containing gaskets or packing from Murray equipment |
| **AC-14** | Personally removed asbestos-containing gaskets from Murray boiler equipment (Equipment Codes P-16 through P-37 only) |
| **AC-15** | Personally removed asbestos-containing packing from Murray boiler equipment (Equipment Codes P-16 through P-37 only) |
| **AC-16** | Personally replaced asbestos-containing gaskets from Murray boiler equipment (Equipment Codes P-16 through P-37 only) |
| **AC-17** | Personally replaced asbestos-containing packing from Murray boiler equipment (Equipment Codes P-16 through P-37 only) |
| **AC-18** | Personally removed asbestos-containing thermal insulation from Murray boiler equipment originally installed prior to 1955 (Equipment Codes P-16 through P-37 only) |
| **AC-19** | Personally replaced asbestos-containing thermal insulation from Murray boiler equipment originally installed prior to 1955 (Equipment Codes P-16 through P-37 only) |
| **AC-20** | Worked in the presence of others removing or replacing asbestos-containing gaskets or packing from Murray boiler equipment or thermal insulation from Murray boiler equipment originally installed prior to 1955 (Equipment Codes P-16 though P-37 only) |
| **AC-21** | Personally removed or replaced, or worked in the presence of others removing or replacing, asbestos-containing gaskets or packing from Murray boiler equipment with unknown original date of installation (Equipment Codes P-16 through P-37 only) |
| **AC-22** | Personally removed or replaced, or worked in the presence of others removing or replacing, asbestos-containing thermal insulation from Murray boiler equipment with unknown original date of installation (Equipment Codes P-16 though P-37 only) |
| **AC-23** | Personally replaced asbestos-containing friction products (brakes, clutches) from Murray equipment (Equipment Codes P-64 through P-72 only) |
| **AC-24** | Worked in the presence of others removing or replacing asbestos-containing gaskets, packing, or friction products from Murray equipment (Equipment Codes P-64 through P-72 only) |

**PART 1: STATUS OF MESOTHELIOMA CLAIM**

Has the claimant asserted a claim against **Aldrich**?

☐ Yes ☐ No

If yes, select the status of your claim against **Aldrich** (check one and only one):

☐ Pending
☐ Resolved by judgment against **Aldrich** and unpaid. If so, amount of judgment against Aldrich $_____
☐ Settled with **Aldrich** and unpaid.  *(See instructions for Part 1 for definition of "Settled").*

If you selected settled and unpaid:

What is the date of the settlement agreement with **Aldrich**? (mm/dd/yyyy) ___/___/_____

What is the amount of settlement with **Aldrich**? $_____

Was all Required Settlement Documentation submitted by the claimant prior to June 18, 2020?

☐ Yes ☐ No

If yes, what is the date of the submission of the executed release?   (mm/dd/yyyy)
___/___/_____

☐ Other (describe) _____

Has the claimant asserted a claim against **Murray**?

☐ Yes ☐ No

If yes, select the status of your claim against **Murray** (check one and only one):

☐ Pending
☐ Resolved by judgment against **Murray** and unpaid. If so, amount of judgment against Murray $_____
☐ Settled with **Murray** and unpaid. *(See instructions for Part 1 for definition of "Settled").*

If you selected settled and unpaid:

What is the date of the settlement agreement with **Murray**? (mm/dd/yyyy) ___/___/_____

What is the amount of settlement with **Murray**? $_____

Was all Required Settlement Documentation submitted by the claimant prior to June 18, 2020?

☐ Yes ☐ No

If yes, what is the date of the submission of the executed release?   (mm/dd/yyyy)
___/___/_____

☐ Other (describe) _____

**If you are not a Mesothelioma Claimant, including because you did not file a proof of claim in this bankruptcy case, you do not have to complete the Questionnaire.**

If you checked only the "settled and unpaid" boxes, you may stop after completing Parts 2, 3, and 4 of this Questionnaire.

If you checked both "Pending" boxes, you must complete the entire Questionnaire.

If you checked only the "Pending" box in regard to your claim against Aldrich, you must complete the entire Questionnaire with the exception of Part 6B.

If you checked only the "Pending" box in regard to your claim against Murray, you must complete the entire Questionnaire with the exception of Part 6A.

**PART 2: INJURED PARTY INFORMATION -** In Part 2, provide identifying information for the person diagnosed with mesothelioma (the "Injured Party"). *(See instructions for Part 2 for definition of "Injured Party")*

| Last name: | First Name: | Middle Initial: | Suffix: | Date of Birth: (mm/dd/yyyy) ___/___/_____ |
|---|---|---|---|---|

| Sex □ M □ F | Social Security Number: ____ - ___ - ____ | Foreign Tax ID *(if applicable)*: | Estate Tax ID *(if applicable)*: |
|---|---|---|---|

| City of Residence: | State of Residence: | Postal Code: | Country (if outside the US): |
|---|---|---|---|

**PART 3:  RELATED CLAIMANT INFORMATION *(if different than INJURED PARTY)***
*(See instructions for Part 3 for definition of "Related Claimant")*

| Last Name: | First Name: | Middle Initial: | Suffix: | Date of Birth: (mm/dd/yyyy) ___/___/_____ |
|---|---|---|---|---|

| Sex: □ M □ F | Social Security Number : ____ - ___ - ____ | Foreign Tax ID *(if applicable)*: |
|---|---|---|

| City of Residence: | State of Residence: | Postal Code: | Country (if outside the US): |
|---|---|---|---|

Relationship to Injured Party:

Additional Related Claimants (use additional copies of this page to provide information above for such claimants):

**PART 4:  LAW FIRM INFORMATION** *(See instructions for Part 4 regarding Law Firms)*

Name of Firm Representing Mesothelioma Claimant:

Firm Mailing or Street Address:

| Firm City: | Firm State: | Firm Zip Code: | Firm Phone No. (Area Code) (    ) -       - |
|---|---|---|---|

| Name of Firm Contact: | Firm Contact Email Address: |
|---|---|

Other Law Firms Representing Mesothelioma Claimant, if applicable (See Instructions for Part 4)

**PART 5:  INFORMATION ON MESOTHELIOMA DIAGNOSIS** *(See instructions for Part 5 regarding required documentation)*

Has the Injured Party been diagnosed with Mesothelioma?          □ Yes          □ No

Date of first diagnosis of Mesothelioma (mm/dd/yyyy):  ___/___/_____

What is or are the name(s) of the diagnosing physician(s)?: ____

Type of Mesothelioma:          □ Pleural   □ Peritoneal   □ Other

If Other, identify: _____

Is the Injured Party deceased? □ Yes          □ No

If so, Date of Death (mm/dd/yyyy):  ___/___/_____

Has the Injured Party been diagnosed with a different asbestos-related condition at any time?

□ Yes                                             □ No

 If so, identify the condition: _____

**PART 6: ALLEGED EXPOSURE**

**PART 6A: ALLEGED EXPOSURE TO ASBESTOS FROM ALDRICH EQUIPMENT** (See instructions for Part 6A)

Answer the question regarding the Injured Party's alleged exposure to asbestos from Aldrich Equipment ("Aldrich Exposure"). Then, complete a separate section for every job in which claimant alleges Aldrich Exposure, as well as any site where claimant alleges non-occupational Aldrich Exposure. Use as many copies of the following two pages as necessary to answer for all jobs and non-occupational sites where alleged Aldrich Exposure occurred, and assign a number for each job or non-occupational site (exposure may be alleged at multiple job sites and/or multiple non-occupational sites). In the case of secondary exposure, list information for job or non-occupational site where primary exposure allegedly occurred and provide the required information regarding the Primary Exposed Person's alleged exposure during the periods when the Secondary Exposed Person claims exposure. See instructions for Part 6 for the definition of "Primary Exposed Person," "Secondary Exposed Person," and "Secondary Exposure."

If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 5 above, and follow the instructions set forth there and on pages 1-2 under "Information for Mesothelioma Claimants."

Does the Mesothelioma Claimant allege that the Injured Party had exposure to asbestos for which Aldrich is or was responsible ("Aldrich Exposure")? The products for which Aldrich is alleged to be responsible are the same products for which former Ingersoll-Rand Company was alleged to be responsible.

□ Yes                    □ No

**Are any of the questions in Part 6A answered by attached responsive documents?**

□ Yes                    □ No

In lieu of providing a written response to Part 6A or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, bankruptcy trust claim forms, or expert reports that provide true and complete information responsive to the questions answered by this alternative means.

**ALLEGED ALDRICH EXPOSURE – SITE #          of          (one page per site; use additional pages if more than one site is at issue)**

Site Type: □ Industrial or Commercial □ Residence of a Family Member or Acquaintance
            □ Personal Residence       □ Residence of a customer
            □ Other (describe)

Site Name (i.e., name and location of plant, refinery, etc.) of alleged exposure (for Secondary/Household exposure, list sites where Primary Exposed Person was allegedly exposed):

| City: | State: | Country: | Employer (if applicable): |
|-------|--------|----------|---------------------------|

Type of alleged exposure (check one and only one):

☐ Occupational: Injured Party experienced Aldrich Exposure because of his or her job (whether full-time or part-time)
☐ Non-occupational:  Injured Party experienced Aldrich Exposure for reasons unrelated to his or her job
☐ Secondary/Household:  Injured Party alleges contact with someone who experienced Aldrich Exposure (i.e., the Primary Exposed Person)

For Secondary/Household, provide the following information:

- Relationship between the Injured Party and Primary Exposed Person: _____

- How did the Injured Party come into contact with asbestos from the Primary Exposed Person?_____

- During what period of time did the Injured Party come into contact with asbestos from the Primary Exposed Person? Start Date (mm/dd/yyyy):  ___/___/_____ to End Date (mm/dd/yyyy): ___/___/_____

- What was/were the occupation(s) of the Injured Party during the period of exposure from the Primary Exposed Person? (describe, do not use Occupation Codes) _____

For Occupational or Non-Occupational Exposure, provide the following information:

| Occupation 1 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/____ | Aldrich Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |
|---|---|---|---|
| Occupation 2 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/____ | Aldrich Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |
| Occupation 3 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/____ | Aldrich Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |

Frequency of Aldrich exposure alleged at this site

☐ Once      ☐ More than once but infrequently      ☐ A few times a year

☐ Monthly      ☐ Weekly                      ☐ Daily

☐ Other (describe) _____

---

Please check the Aldrich Equipment Code(s) that apply *(see Table E-1 on page 8)*:

☐ P-1      ☐ P-2      ☐ P-3      ☐ P-4      ☐ P-5      ☐ P-6      ☐ P-7

☐ P-8      ☐ P-9      ☐ P-10      ☐ P-11      ☐ P-12      ☐ P-13      ☐ P-14

☐ O A P - 1

For all Aldrich Equipment Codes checked, state separately for each piece of Aldrich equipment if the Injured Party or Primary Exposed Person performed any activities listed in Table AC-1 (Activity Codes) [page 10] and list the Activity Code. For each activity listed, note the frequency. Use additional page(s) if necessary.

Equipment #1:

Equipment Code _____   Activity Code _____   Frequency _____

Is the information you provided as to this site as to the Injured Party's Aldrich exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

Is the information you provided as to this site as to the Injured Party's Aldrich exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

If yes, please provide the name of that person(s): _____

Equipment #2:

Equipment Code _____   Activity Code _____   Frequency _____

Is the information you provided as to this site as to the Injured Party's Aldrich exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

Is the information you provided as to this site as to the Injured Party's Aldrich exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

If yes, please provide the name of that person(s): _____

[Please use additional pages for additional equipment]

If you believe the Injured Party's exposure to asbestos for which you allege Aldrich is responsible falls outside the Equipment Codes and Activity Codes listed in Table AC-1 [page 10] and Table E-1 [page 8], please explain in detail the facts and circumstances surrounding the Injured Party's alleged exposure to asbestos for which you believe Aldrich may be liable. Use additional page(s) if necessary. **If you selected Equipment Code OAP-1, you must complete this question.**



Is the information you provided as to this site as to the Injured Party's Aldrich exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

Is the information you provided as to this site as to the Injured Party's Aldrich exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes         □ No

If yes, please provide the name of that person(s):

**PART 6B:  ALLEGED EXPOSURE TO ASBESTOS FROM MURRAY EQUIPMENT** *(See instructions for Part 6B)*

Answer the question regarding the Injured Party's alleged exposure to asbestos from Murray Equipment ("Murray Exposure"). Then, complete a separate section for every job in which claimant alleges Murray Exposure, as well as any site where claimant alleges non-occupational Murray Exposure. Use as many copies of the following two pages as necessary to answer for all jobs and non-occupational sites where alleged Murray Exposure occurred, and assign a number for each job or non-occupational site (exposure may be alleged at multiple job sites and/or multiple non-occupational sites). In the case of secondary exposure, list information for job or non-occupational site where primary exposure allegedly occurred and provide the required information regarding the Primary Exposed Person's alleged exposure during the periods when the Secondary Exposed Person claims exposure. See instructions for Part 6 for the definition of "Primary Exposed Person," "Secondary Exposed Person," and "secondary exposure."

If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 5 above, and follow the instructions set forth there and on pages 1-2 under "Information for Mesothelioma Claimants."

Does the Mesothelioma Claimant allege that the Injured Party had exposure to asbestos for which Murray is or was responsible ("Murray Exposure")?  The products for which Murray is alleged to be responsible are the same products for which former Trane U.S. Inc. was alleged to be responsible.

☐ Yes                    ☐ No

**Are any of the questions in Part 6B answered by attached responsive documents?**

☐ Yes                    ☐ No

In lieu of providing a written response to Part 6B or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, bankruptcy trust claim forms, or expert reports that provide true and complete information responsive to the questions answered by this alternative means.

**ALLEGED MURRAY EXPOSURE – SITE #_____ of ____  (one page per site; use additional pages if more than one site is at issue)**

Site Type: ☐ Industrial or Commercial  ☐ Residence of a Family Member or Acquaintance

☐ Personal Residence  ☐ Residence of a customer

☐ Other (describe) _____

Site Name (i.e., name and location of plant, refinery, etc.) of alleged exposure (for Secondary/Household exposure, list sites where Primary Exposed Person was allegedly exposed):

| City: | State: | Country: | Employer (if applicable): |
|---|---|---|---|
| | | | |

Type of alleged exposure (check one and only one):

☐ Occupational:  Injured Party experienced Murray Exposure because of his or her job (whether full-time or part-time)

☐ Non-occupational:  Injured Party experienced Murray Exposure for reasons unrelated to his or her job

☐ Secondary/Household:  Injured Party alleges contact with someone who experienced Murray Exposure (i.e., the Primary Exposed Person)

For Secondary/Household, provide the following information:

- Relationship between the Injured Party and Primary Exposed Person: _____

- How did the Injured Party come into contact with asbestos from the Primary Exposed Person? _____

- During what period of time did the Injured Party come into contact with asbestos from the Primary Exposed Person? Start Date (mm/dd/yyyy):  ___/___/_____ to End Date (mm/dd/yyyy):  ___/___/_____

- What was/were the occupation(s) of the Injured Party during the period of exposure from the Primary Exposed Person? (describe, do not use Occupation Codes):

_____

For Occupational or Non-Occupational Exposure, provide the following information:

| Occupation 1 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |
|---|---|---|---|
| Occupation 2 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |
| Occupation 3 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |

Frequency of Murray exposure alleged at this site

☐ Once   ☐ More than once but infrequently   ☐ A few times a year

☐ Monthly   ☐ Weekly        ☐ Daily        ☐ Other (describe) _____

Please check the Murray Equipment Code(s) that apply *(see Table E-1 on page 8)*:

☐ P-15   ☐ P-16   ☐ P-17   ☐ P-18   ☐ P-19   ☐ P-20   ☐ P-21

☐ P-22   ☐ P-23   ☐ P-24   ☐ P-25   ☐ P-26   ☐ P-27   ☐ P-28

☐ P-29   ☐ P-30   ☐ P-31   ☐ P-32   ☐ P-33   ☐ P-34   ☐ P-35

☐ P-36   ☐ P-37   ☐ P-38   ☐ P-39   ☐ P-40   ☐ P-41   ☐ P-42

☐ P-43   ☐ P-44   ☐ P-45   ☐ P-46   ☐ P-47   ☐ P-48   ☐ P-49

☐ P-50   ☐ P-51   ☐ P-52   ☐ P-53   ☐ P-54   ☐ P-55   ☐ P-56

☐ P-57   ☐ P-58   ☐ P-59   ☐ P-60   ☐ P-61   ☐ P-62   ☐ P-63

☐ P-64   ☐ P-65   ☐ P-66   ☐ P-67   ☐ P-68   ☐ P-69   ☐ P-70

☐ P-71   ☐ P-72   ☐ O M P - 1

For all Murray Equipment Codes checked, state separately for each piece of Murray equipment if the Injured Party or Primary Exposed Person performed any activities listed in Table AC-1 (Activity Codes on page 10 and list the Activity Code. For each activity listed, note the frequency. Use additional page(s) if necessary.

Equipment #1:

Equipment Code _____   Activity Code _____   Frequency _____

Is the information you provided as to this site as to the Injured Party's Murray exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes   ☐ No

Is the information you provided as to this site as to the Injured Party's Murray exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes   ☐ No

If yes, please provide the name of that person(s): _____

Equipment #2:

Equipment Code _____   Activity Code _____   Frequency _____

Is the information you provided as to this site as to the Injured Party's Murray exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes   ☐ No

Is the information you provided as to this site as to the Injured Party's Murray exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes   ☐ No

If yes, please provide the name of that person(s): _____

[Please use additional pages for additional equipment]

If you believe the Injured Party's exposure to asbestos for which you allege Murray is responsible falls outside the Equipment Codes and Activity Codes listed in Table AC-1 on page 10 and Table E-1 on pages 8-9, please explain in detail the facts and circumstances surrounding the Injured Party's alleged exposure to asbestos for which you believe Murray may be liable. Use additional page(s) if necessary. **If you selected Equipment Code OMP-1, you must complete this question.**

Is the information you provided as to this site as to the Injured Party's Murray exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes          ☐ No

Is the information you provided as to this site as to the Injured Party's Non-Aldrich and Non-Murray exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
☐ Yes          ☐ No

If yes, please provide the name of that person(s): _____

**PART 6C:  ALLEGED EXPOSURE TO ASBESTOS FROM PRODUCTS UNRELATED TO ALDRICH AND MURRAY**
*(See instructions for Part 6C)*

In this section, identify each job or non-occupational site at which the Injured Party allegedly experienced asbestos exposure for which you allege companies other than Aldrich and Murray are responsible ("Non-Aldrich/Non-Murray Exposure"). Use as many copies of this page as necessary to answer for all jobs and non-occupational sites where alleged Non-Aldrich and Non-Murray exposure occurred (exposure may be alleged at multiple job sites and/or multiple non-occupational sites), and assign a number for each job or non-occupational site. In the case of secondary exposure, list information for job or non-occupational site where primary exposure allegedly occurred and provide the required information regarding the Primary Exposed Person's alleged exposure during the periods when the Secondary Exposed Person claims exposure. See instructions for Part 6 for the definition of "Primary Exposed Person," "Secondary Exposed Person," and "secondary exposure."
If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 5 above, and follow the instructions set forth there and on page 1-2 under "Information for Mesothelioma Claimants."

Does the Mesothelioma Claimant allege that the Injured Party had exposure to asbestos for which neither Aldrich nor Murray is or was responsible ("Non-Aldrich/Non-Murray Exposure")?

☐ Yes          ☐ No

**Are any of the questions in Part 6C answered by attached responsive documents?**

☐ Yes          ☐ No

In lieu of providing a written response to Part 6C or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, bankruptcy trust claim forms, or expert reports that provide true and complete information responsive to the questions answered by this alternative means.

**NON-ALDRICH/NON-MURRAY EXPOSURE (JOB OR NON-OCCUPATIONAL SITE # ____ of ____   (one page per site; use additional pages if more than one site is at issue)**

Site Type: ☐ Industrial or Commercial  ☐ Residence of a Family Member or Acquaintance
☐ Other (describe)          ☐ Personal Residence  ☐ Residence of a customer

Site Name (i.e., name and location of plant, refinery) of alleged Non-Aldrich and Non-Murray Exposure (for Secondary/Household exposure, list sites where Primary Exposed Person was allegedly exposed):

Type of alleged exposure (check one and only one):

- ☐ Occupational:  Injured Party experienced Non-Aldrich and Non-Murray Exposure because of his or her job (whether full-time or part-time)
- ☐ Non-occupational:  Injured Party experienced Non-Aldrich and Non-Murray Exposure for reasons unrelated to his or her job
- ☐ Secondary/Household: Injured Party alleges contact with someone who experienced Non-Aldrich and Non-Murray Exposure (i.e., the Primary Exposed Person)

For Secondary/Household, provide the following information:

- Relationship between the Injured Party and Primary Exposed Person: _____

- How did the Injured Party come into contact with asbestos from the Primary Exposed Person?_____

- During what period of time did the Injured Party come into contact with asbestos from the Primary Exposed Person? Start Date (mm/dd/yyyy): ___/___/_____ to End Date (mm/dd/yyyy): ____/___/_____

- What was/were the occupation(s) of the Injured Party during the period of exposure from the Primary Exposed Person? (describe, do not use Occupation Codes)

_____

For Occupational or Non-Occupational Exposure, provide the following information:

| Employer (if applicable; for Secondary/Household, list Primary Exposed Person's employer): | City: | State: | Country: |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

| Occupation 1 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Non-Aldrich and Non-Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |
| Occupation 2 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Non-Aldrich and Non-Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to (mm/dd/yyyy) ___/___/_____ |

| Occupation 3 Code: Use Table O-1 [pages 6-7] | Start Date at Site: (mm/dd/yyyy): ___/___/_____ | End Date at Site: (mm/dd/yyyy) ___/___/_____ | Non-Aldrich and Non-Murray Exposure Start and End Dates: (mm/dd/yyyy) ___/___/_____ to |
|---|---|---|---|
| | | | (mm/dd/yyyy) ___/___/___ |

Describe the activity, including the allegedly asbestos-containing product or products involved and how frequently each activity occurred, that resulted in Non-Aldrich and Non-Murray Exposure (for Secondary/Household exposure, list activity that resulted in exposure of Primary Exposed Person):



If not otherwise identified in attached documents and Trust claim forms, identify any asbestos or asbestos-containing products to which the Injured Party was exposed (e.g., insulation, cement, etc.) and the company that manufactured and/or supplied each product:



Is the information you provided as to this site as to the Injured Party's Non-Aldrich and Non-Murray exposure within your personal knowledge? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes          □ No

Is the information you provided as to this site as to the Injured Party's Non-Aldrich and Non-Murray exposure within the personal knowledge of another person? "You" means the Mesothelioma Claimant, the Injured Party, and/or counsel acting on his/her behalf.
□ Yes          □ No

If yes, please provide the name of that person(s): _____

## PART 7:  INJURED PARTY/MESOTHELIOMA CLAIMANT ECONOMIC LOSS INFORMATION

Was/has the Injured Party retired?   ☐ Yes   ☐ No     If yes, date of retirement (mm/dd/yyyy):  ___/___/___

If *not retired*, answer the following for current activity; if *retired*, answer the following for activity at retirement date:

Occupation: _____     State: _____

Industry: _____     Country: _____

Was the Injured Party employed at the time of diagnosis?     ☐ Yes   ☐ No

> *If yes, answer the following:*

Occupation: _____     State: _____

Industry: _____     Country: _____

Planned date of retirement but for diagnosis(mm/dd/yyyy):     ___/___/_____

Did the Injured Party leave employment after the diagnosis? ☐ Yes   ☐ No

If yes, date on which Injured Party left employment (mm/dd/yyyy):     ___/___/_____

Does the Mesothelioma Claimant allege lost wages, lost Social Security, or lost pension?     ☐ Yes   ☐ No     Amount: _____

Does the Mesothelioma Claimant allege lost household services?     ☐ Yes   ☐ No     Amount: _____

Does the Mesothelioma Claimant seek to recover medical expenses?     ☐ Yes   ☐ No     Amount: _____

Does the Mesothelioma Claimant allege any economic loss other than lost wages, lost household services, and medical expenses?     ☐ Yes   ☐ No     Amount: _____

If yes, describe: _____

The Injured Party's current marital status (check one):

☐  Single, Never Married     ☐ Married          ☐ Divorced

☐ Widowed          ☐ Marriage Annulled     ☐ Legally Separated

☐ Other (specify): _____ If married, age of spouse:

| Please provide the following information on each non-spouse dependent | | | | | |
|---|---|---|---|---|---|
| Dependent | Disabled? | Age | Dependent | Disabled? | Age |
| Dependent 1 | ☐ Yes    ☐ No | | Dependent 6 | ☐ Yes    ☐ No | |
| Dependent 2 | ☐ Yes    ☐ No | | Dependent 7 | ☐ Yes    ☐ No | |
| Dependent 3 | ☐ Yes    ☐ No | | Dependent 8 | ☐ Yes    ☐ No | |
| Dependent 4 | ☐ Yes    ☐ No | | Dependent 9 | ☐ Yes    ☐ No | |
| Dependent 5 | ☐ Yes    ☐ No | | Dependent 10 | ☐ Yes    ☐ No | |

**PART 8:  LAWSUITS AND OTHER CLAIMS BASED ON THE INJURED PARTY'S MESOTHELIOMA** *(See instructions for Part 8 and use of associated Table A, Table B, and Table C)*
*Answer the questions regarding payments received by the claimant. Then, use additional copies of the following page **AND** associated **TABLE A** for **EACH LAWSUIT** seeking compensation based on the Injured Party's mesothelioma (or a separate lawsuit alleging another asbestos-related condition), whether or not (1) Aldrich, Murray, Ingersoll-Rand Company., or Trane U.S. Inc. was named as a defendant, or (2) the lawsuit remains pending. Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 5 above, and follow the instructions set forth there.*

**Are any of the questions in Part 8 answered by attached responsive documents?**
☐ Yes            ☐ No

In lieu of providing a written response to Part 8 or any particular question included therein, you may submit verified complaints, interrogatory responses, deposition transcripts of plaintiffs and/or product identification witnesses, bankruptcy trust claim forms, or expert reports that provide true and complete information responsive to the questions answered by this alternative means.

Has the Mesothelioma Claimant received payment from Trusts on account of the Injured Party's mesothelioma?

☐ Yes            ☐ No

Provide the total aggregate payments received by the Mesothelioma Claimant from all Trusts on account of the Injured Party's mesothelioma:

Provide the total number of Trusts from which the Mesothelioma Claimant has received a payment on account of the Injured Party's mesothelioma:

Has the Mesothelioma Claimant received payment from entities that are not Trusts, such as tort system defendants, on account of the Injured Party's mesothelioma?        ☐ Yes            ☐ No

Provide the total aggregate payments received by the Mesothelioma Claimant from all entities that are not Trusts, such as tort system defendants, on account of the Injured Party's mesothelioma:

Provide the total number of non-Trust entities from which the Mesothelioma Claimant has received a payment on account of the Injured Party's mesothelioma:.

**PART 8A: LAWSUITS BASED ON THE INJURED PARTY'S MESOTHELIOMA (OR SEPARATE LAWSUIT BASED ON ANOTHER ASBESTOS-RELATED CONDITION)**

**LAWSUIT #_____ -of -_____ (For example, Lawsuit #1 of 3 related lawsuits. Use additional copies of this page to complete the section separately for each related lawsuit.)**

What is the capacity of the claimant *(select and fill out for all that apply)*?

☐ Injured Party       Personal Representative/Executor     Dependent Child
☐ Spouse of Injured Party    Wrongful Death Claimant        Other (please specify): _____

State (list state): _____    Federal court? ☐ Yes     ☐ No

What state county/subdivision or federal district court: _____

Case Number / Docket Number: _____    Date first filed: _____

Disease(s) alleged in this lawsuit: _____

**Trial Information**

Has this claim been resolved either in whole or in part by trial?

     If yes, please provide further information about the trial:

         Was a verdict entered? ☐ Yes      ☐ No

         If a verdict was entered, please provide further information about the verdict:

            When was the verdict entered? (mm/dd/yyyy): _____

            Was it a plaintiff verdict or a defense verdict? _____

            If a plaintiff verdict, please answer the following:

               Which defendant(s) were found liable?

               What was the allocation of fault or damages?

            Was there a monetary award to plaintiff?    ☐ Yes       ☐ No

            If yes, what was the award of compensatory damages? _____
Is the case on appeal? ☐ Yes    ☐ No

Complete **attached TABLE A** for all defendants named in this lawsuit

## TABLE A

**NAMED DEFENDANTS AGAINST WHICH A LAWSUIT FOR ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH HAS BEEN FILED**

*If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page __ above, and follow the instructions set forth there and on page __ under "Information for Pending Mesothelioma Claimants." Please note that although attached complaints can answer many questions in Part 8A, they do not answer the questions concerning whether claims have been resolved through verdict and related questions.*

**LAWSUIT # _____ -of- _____** *(fill in appropriate lawsuit # from PART 8A)*

**RELATED CASE NUMBER: _____** *(fill in appropriate Case Number from PART 8A)*

| Named Defendant | Claim Status | Payment Date (or, if not paid, Resolution Date) (mm/dd/yyyy) |
|---|---|---|
| 1 | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | / / |
| 2 | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |

| 3 | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | /     / |
| 4 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |
| 5 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |
| 6 | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | /     / |

| 7 | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | /   / |
| 8 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | \_\_/\_\_/\_\_\_\_ |
| 9 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | \_\_/\_\_/\_\_\_\_ |
| 10 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | \_\_/\_\_/\_\_\_\_ |

| 11 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |
| 12 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |
| 13 _____ | ☐ Pending<br>☐ Settled<br>☐ Dismissed with prejudice, no payment<br>☐ Dismissed without prejudice, no payment<br>☐ Summary judgment for defendant<br>☐ Plaintiff verdict, resolved<br>☐ Plaintiff verdict, on appeal<br>☐ Defense verdict, resolved<br>☐ Defense verdict, on appeal | ___/___/_____ |

Note: If more space is required, use additional pages

**PART 8B: OTHER CLAIMS RELATED TO THE INJURED PARTY** *(Information About Claims against Bankruptcy Trusts and Other Entities)*

*INSTRUCTIONS: Complete attached Table B (claims against Trusts) and attached Table C (claims against other entities not previously identified in Table A or Table B) for all such claims based on the Injured Party's mesothelioma or other asbestos-related condition. You must provide information relating to claims against Trusts and against other entities made by or on behalf of the claimant or the Injured Party. Use additional pages if more space is required. If you wish to produce documents instead of providing a written response, see "Option to Respond by Producing Documents" on page 5 above, and follow the instructions set forth there and on page 1-2 under "Information for Pending Mesothelioma Claimants."*

| Has the claimant asserted one or more claims against Trusts? | Yes | No | If so, complete Table B. |

Has the claimant asserted one or more claims against any entity not identified in Table A or Table B (including under an administrative agreement)?    Yes    No    If so, complete Table C.

## TABLE B

### BANKRUPTCY TRUSTS AGAINST WHICH A CLAIM HAS BEEN FILED FOR ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH

| | Claim Has Been Filed | Claim Status (check all applicable) | Payment Date (or, if not paid, Resolution Date) (mm/dd/yyyy) |
|---|---|---|---|
| A&I Corporation Asbestos Bodily Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/_____ |
| ABB Lummus Global Inc. 524(g) Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/_____ |
| A-Best Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/_____ |

| | | | |
|---|---|---|---|
| AC&S Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Amatex Asbestos Disease Trust Fund | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| APG Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| API, Inc. Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Armstrong World Industries Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| ARTRA 524(g) Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| ASARCO LLC Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Bartells Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Brauer 524(g) Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |

| Burns and Roe Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
|---|---|---|---|
| C. E  Thurston & Sons Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Celotex Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Christy Refractories Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Combustion Engineering 524(g) Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |

| Congoleum Plan Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| DII Industries, LLC Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| Durabla Manufacturing Company Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| Duro Dyne Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| Eagle-Picher Industries Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |

| | | | |
|---|---|---|---|
| Federal Mogul U.S. Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Flintkote Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Forty-Eight Insulations Qualified Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Fraser's Boiler Liquidating Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Fuller-Austin Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |

| | | |
|---|---|---|
| Geo. V. Hamilton, Inc. Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| G-I Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| GST Settlement Facility | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| H. K. Porter Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Hercules Chemical Company, Inc. Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| J.T. Thorpe Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| JT Thorpe Company Successor Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Kaiser Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Keene Creditors Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Leslie Controls, Inc. Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| Lykes Tort Claims Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| M. H. Detrick Company Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Manville Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Maremont Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |
| Metex Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected / closed without payment | ___/___/___ |

| | | |
|---|---|---|
| Motors Liquidation Company Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment |  ___/___/___ |
| Muralo Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment |  ___/___/___ |
| NGC Bodily Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment |  ___/___/___ |
| NMBFiL, Inc. Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment |  ___/___/___ |
| North American Refractories Company Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment |  ___/___/___ |

| | | |
|---|---|---|
| Oakfabco Liquidating Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Owens Corning Fibreboard Asbestos Personal Injury Trust (FB Sub-Fund) | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Owens Corning Fibreboard Asbestos Personal Injury Trust (OC Sub-Fund) | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Philadelphia Asbestos Corporation Trust (PACOR) | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Pittsburgh Corning Corporation Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| Plant Insulation Company Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| PLI Disbursement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Plibrico Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Porter Hayden Bodily Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Quigley Company, Inc. Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| Rapid-American Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Raytech Corporation Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Rock Wool Mfg Company Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Rutland Fire Clay Company Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Sepco Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| Shook & Fletcher Asbestos Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/_____ |
| Skinner Engine Co. Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/_____ |
| SPHC Asbestos Personal Injury Trust (Bondex Trust) | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/_____ |
| State Insulation Corporation Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/_____ |
| Stone and Webster Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/_____ |

| | | | |
|---|---|---|---|
| Swan Asbestos and Silica Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| T H Agriculture & Nutrition, LLC Industries Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Thorpe Insulation Company Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| United Gilsonite Laboratories Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| United States Gypsum Asbestos Personal Injury Settlement Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| | | | |
|---|---|---|---|
| United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust | ☐ Yes ☐ No | ☐ Approved ☐ Paid ☐ Pending ☐ Deferred ☐ Withdrawn ☐ Rejected / closed without payment | ___/___/___ |
| United States Mineral Products Company Asbestos Personal Injury Settlement Trust | ☐ Yes ☐ No | ☐ Approved ☐ Paid ☐ Pending ☐ Deferred ☐ Withdrawn ☐ Rejected / closed without payment | ___/___/___ |
| UNR Asbestos-Disease Claims Trust | ☐ Yes ☐ No | ☐ Approved ☐ Paid ☐ Pending ☐ Deferred ☐ Withdrawn ☐ Rejected / closed without payment | ___/___/___ |
| Utex Industries, Inc. Successor Trust | ☐ Yes ☐ No | ☐ Approved ☐ Paid ☐ Pending ☐ Deferred ☐ Withdrawn ☐ Rejected / closed without payment | ___/___/___ |
| Wallace & Gale Company Asbestos Settlement Trust | ☐ Yes ☐ No | ☐ Approved ☐ Paid ☐ Pending ☐ Deferred ☐ Withdrawn ☐ Rejected / closed without payment | ___/___/___ |

| Western MacArthur-Western Asbestos Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| WRG Asbestos PI Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Yarway Asbestos Personal Injury Trust | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Other Trust _____ | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |
| Other Trust _____ | ☐ Yes<br>☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>closed without<br>payment | ___/___/___ |

| Other Trust _____ | ☐ Yes ☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
|---|---|---|---|
| Other Trust _____ | ☐ Yes ☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| Other Trust _____ | ☐ Yes ☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |
| Other Trust _____ | ☐ Yes ☐ No | ☐ Approved<br>☐ Paid<br>☐ Pending<br>☐ Deferred<br>☐ Withdrawn<br>☐ Rejected /<br>   closed without<br>   payment | ___/___/___ |

Note: If more space is required, use additional pages

**PART 8C:  OTHER CLAIMS RELATED TO THE INJURED PARTY** *(Information About Claims against Other Entities)*

**INSTRUCTIONS:** *Complete Table C for all claims based on the Injured Party's mesothelioma not listed in Table A or Table B. You must provide information relating to all claims against other entities made by or on behalf of the Mesothelioma Claimant or the Injured Party not already listed in Table A or Table B. The claims in Table C should include claims under an administrative agreement. Use additional pages if more space is required.*

Has the Mesothelioma Claimant asserted non-lawsuit claims against entities that are not trusts?

☐ Yes               ☐ No

If yes, complete Table C, below.

## TABLE C

**OTHER ENTITIES AGAINST WHICH A CLAIM FOR ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH HAS BEEN ASSERTED OUTSIDE OF JUDICIAL PROCEEDINGS OR TRUST PROCESSES, OR AGAINST WHICH CLAIMANT'S LAW FIRM PRESENTLY INTENDS TO ASSERT A CLAIM UNDER AN ADMINISTRATIVE AGREEMENT**

| | Company or Other Party | Claim Status | | | Payment Date (or, if not paid, Resolution Date) (mm/dd/yyyy) |
|---|---|---|---|---|---|
| 1 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 2 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 3 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 4 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 5 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 6 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 7 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 8 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 9 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 10 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 11 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 12 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 13 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 14 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 15 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 16 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 17 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 18 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 19 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 20 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 21 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 22 | | ☐ Pending | ☐ Denied | ☐ Settled | |

| 23 | | ☐ Pending | ☐ Denied | ☐ Settled | |
|----|----|-----------|----------|-----------|----|
| 24 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| 25 | | ☐ Pending | ☐ Denied | ☐ Settled | |
| Note: If more space is required, use additional pages | | | | | |

**PART 9: QUESTIONNAIRE CERTIFICATION**

*INSTRUCTIONS:* This certification must be signed by either the Injured Party or Related Claimant or by the attorney for such party but need not be signed by both.

**If Completed By Claimant:**

I swear, under penalty of perjury, that, to the best of my knowledge, all of the information contained in the foregoing responses to this Questionnaire is true, accurate and complete as of the date hereof.

_____     _____

Signature                                            Date

_____

Print Name

**If Completed By Attorney:**

I acknowledge that by submitting the foregoing responses to this Questionnaire on behalf of my client, I am making the certifications contained in Rule 9011(b) of the Federal Rules of Bankruptcy Procedure.

_____     _____

Signature                                            Date

_____     _____

Print Name                                          Law Firm

**PART 10:  TRUST CLAIM FORMS**

Each Mesothelioma Claimant must submit copies of all Trust claim forms and any attachments thereto submitted by or on behalf of the Mesothelioma Claimant or Injured Party to Trusts listed in Table B (or the electronic equivalent if submitted electronically).

Alternatively, the Mesothelioma Claimant may execute the Authorization attached as Exhibit 1 at the end of this Questionnaire for Aldrich and Murray to obtain the claim forms and their attachments directly from the Trusts. This requirement applies to claim forms submitted to one or more Trusts (or the equivalent information as to Trust claims that you filed with Trusts electronically).

**PART 11: DOCUMENTS REQUIRED TO BE SUBMITTED WITH THIS QUESTIONNAIRE.**

*A summary transmittal page is attached as pages 57-58.*

Each Mesothelioma Claimant must include copies of the following documents with this Questionnaire:

- All depositions that are in the Mesothelioma Claimant's or his/her attorney's possession taken in any lawsuits listed in Part 8A that relate in any way to the Injured Party's alleged exposures to asbestos or asbestos-containing products.

- All written discovery (including interrogatories and requests for admission) that are in the Mesothelioma Claimant's or his/her attorney's possession answered on behalf of the Injured Party or Related Claimant in any of the lawsuits listed in Part 8A.

- All expert reports that are in the Mesothelioma Claimant's or his/her attorney's possession produced by any party in a lawsuit listed in Part 8A.

- Social Security printout and copy of union or employment records relevant to the Injured Party's asbestos exposure (where available) that are in the Mesothelioma Claimant's or his/her attorney's possession. In the case of alleged Secondary or Household exposure, provide the Social Security printout and copy of union or employment of the person who worked with or around asbestos or asbestos-containing products who brought home asbestos fibers on his or her clothes (i.e., the Primary Exposed Person); and

- Copy of medical records (or autopsy report) confirming diagnosis of mesothelioma: **at least one report from a qualified physician** with information regarding the Injured Party's diagnosis.

  - Mesothelioma Claimants may submit additional documentation, such as x-rays, lab tests and medical exam reports. The submitted evidence should comply with recognized medical standards regarding testing methods, equipment and procedures. A death certificate must be accompanied by pathology or autopsy findings. In addition, the diagnosis must include a pathology or operative report that indicates a diagnosis of mesothelioma.

**Exhibit 1:**
**Claimants' Optional Authorization For Debtors' Counsel to Obtain Trust Records**

TO WHOM IT MAY CONCERN:

The Mesothelioma Claimant named below hereby authorizes each Trust listed in the attachment hereto to provide a copy of any claim form submitted to such Trust, as well as all documents attached to the form by or on behalf of such Mesothelioma Claimant[1] (or the equivalent information as to Trust claims filed with Trusts electronically), to the law firms of Jones Day and Evert Weathersby Houff in their capacities as counsel to Aldrich Pump LLC, *et al.*, in their chapter 11 cases, docketed as Case No. 20-BK-30608 (JCW) (Bankr. W.D.N.C.) (the "Bankruptcy Cases") at the addresses below:

David Torborg                          Michael Evert
Jones Day                              Evert Weathersby Houff
51 Louisiana Avenue                    3455 Peachtree Road NE, Suite 1550
Washington, D.C.20001                  Atlanta, GA 30326
dtorborg@jonesday.com                  cmevert@ewhlaw.com

The Mesothelioma Claimant has elected to provide this Authorization pursuant to the *Order Approving Personal Injury Questionnaire and Granting Related Relief*, entered in the Bankruptcy Cases on **[___]**, **2022** [Dkt. **[_]**] (the "PIQ Order"). The Mesothelioma Claimant expressly reserves his or her right to all of the protections of the PIQ Order, including, without limitation, the restrictions set forth therein on the uses and disclosure of "Questionnaire Responses." Except for the limited disclosure permitted by this Authorization, the Mesothelioma Claimant does not waive, but expressly asserts, his or her rights under any confidentiality provisions applicable under the bankruptcy plan of reorganization, Trust agreement, or Trust distribution procedures under which any given Trust was created or operates.

This Authorization does not permit any Trust to release any information whatsoever, other than a copy of any claim form submitted to any of the listed Trusts by or on behalf of the Mesothelioma Claimant (or the equivalent information as to Trust claims filed with Trusts electronically), as well as any attached documents such as deposition transcripts, affidavits, invoices, etc. Without limiting the generality of the foregoing two sentences, the Authorization does not permit any Trust to release information concerning the status of any claim, settlement of any claim, or payment of any claim.

Name of Mesothelioma Claimant: _____

Mesothelioma Claimant Social Security No.: _____

Name of Injured Party: _____

Injured Party Social Security No.: _____

Signature of Claimant: _____

Date: _____

Note: This Authorization **must be notarized.**

Attachment:  List of Asbestos Settlement Trusts

1    For the avoidance of doubt, if the Mesothelioma Claimant is making a claim based on or derived from the Injured Party's mesothelioma, either in a representative capacity (e.g., the personal representative of the Injured Party's estate suing for the Injured Party's injuries), or in an independent capacity (e.g., a family member suing for his or her own losses based on the alleged personal injury to or wrongful death of the Injured Party), this authorization includes all information submitted to any Trust based on the Injured Party's alleged exposures to asbestos or asbestos-containing products.

**Attachment to Exhibit 1: List of Trusts Referenced in Claimants' Optional Authorization for Debtors' Counsel to Obtain Trust Records**

| Trusts | |
|---|---|
| A&I Corporation Asbestos Bodily Injury Trust | Maremont Asbestos Personal Injury Trust |
| ABB Lummus Global Inc. 524(g) Asbestos PI Trust | Metex Asbestos PI Trust |
| A-Best Asbestos Settlement Trust | Motors Liquidation Company Asbestos Personal Injury Trust |
| AC&S Asbestos Settlement Trust | Muralo Trust |
| Amatex Asbestos Disease Trust Fund | NGC Bodily Injury Trust |
| APG Asbestos Trust | NMBFiL, Inc. Asbestos Personal Injury Trust |
| API, Inc. Asbestos Settlement Trust | North American Refractories Company Asbestos Personal Injury Settlement Trust |
| Armstrong World Industries Asbestos Personal Injury Settlement Trust | Oakfabco Liquidating Trust |
| ARTRA 524(g) Asbestos Trust | Owens Corning Fibreboard Asbestos Personal Injury Trust (FB Sub-Fund) |
| ASARCO LLC Asbestos Personal Injury Settlement Trust | Owens Corning Fibreboard Asbestos Personal Injury Trust (OC Sub-Fund) |
| Babcock & Wilcox Company Asbestos Personal Injury Settlement Trust | Philadelphia Asbestos Corporation Trust (PACOR) |
| Bartells Asbestos Settlement Trust | Pittsburgh Corning Corporation Asbestos Personal Injury Settlement Trust |
| Brauer 524(g) Asbestos Trust | Plant Insulation Company Asbestos Settlement Trust |
| Burns and Roe Asbestos Personal Injury Settlement Trust | PLI Disbursement Trust |
| C. E. Thurston & Sons Asbestos Trust | Plibrico Asbestos Trust |
| Celotex Asbestos Settlement Trust | Porter Hayden Bodily Injury Trust |
| Christy Refractories Asbestos Personal Injury Trust | Quigley Company, Inc. Asbestos Personal Injury Trust |
| Combustion Engineering 524(g) Asbestos PI Trust | Rapid-American Asbestos Trust |
| Congoleum Plan Trust | Raytech Corporation Asbestos Personal Injury Settlement Trust |
| DII Industries, LLC Asbestos PI Trust | Rock Wool Mfg Company Asbestos Trust |
| Durabla Manufacturing Company Asbestos Trust | Rutland Fire Clay Company Asbestos Trust |
| Duro Dyne Asbestos Personal Injury Trust | Sepco Asbestos Personal Injury Trust |
| Eagle-Picher Industries Personal Injury Settlement Trust | Shook & Fletcher Asbestos Settlement Trust |
| Federal Mogul U.S. Asbestos Personal Injury Trust | Skinner Engine Co. Asbestos Trust |
| Flintkote Asbestos Trust | SPHC Asbestos Personal Injury Trust (Bondex Trust) |
| Forty-Eight Insulations Qualified Settlement Trust | State Insulation Corporation Asbestos PI Trust |
| Fraser's Boiler Liquidating Trust | Stone and Webster Asbestos Trust |
| Fuller-Austin Asbestos Settlement Trust | Swan Asbestos and Silica Settlement Trust |
| Geo. V. Hamilton, Inc. Asbestos Trust | T H Agriculture & Nutrition, LLC Industries Asbestos Personal Injury Trust |
| G-I Asbestos Settlement Trust | Thorpe Insulation Company Asbestos Personal Injury Settlement Trust |
| GST Settlement Facility | United Gilsonite Laboratories Asbestos Personal Injury Trust |
| H. K. Porter Asbestos Trust | United States Gypsum Asbestos Personal Injury Settlement Trust |
| Hercules Chemical Company, Inc. Asbestos Trust | United States Lines, Inc. and United States Lines (S.A.) Inc. Reorganization Trust |
| J.T. Thorpe Settlement Trust | United States Mineral Products Company Asbestos Personal Injury Settlement Trust |
| JT Thorpe Company Successor Trust | UNR Asbestos-Disease Claims Trust |

{00364990 v 1 }

| | |
|---|---|
| Kaiser Asbestos Personal Injury Trust | Utex Industries, Inc. Successor Trust |
| Keene Creditors Trust | Wallace & Gale Company Asbestos Settlement Trust |
| Leslie Controls, Inc. Asbestos Personal Injury Trust | Western MacArthur-Western Asbestos Trust |
| Lykes Tort Claims Trust | WRG Asbestos PI Trust |
| M. H. Detrick Company Asbestos Trust | Yarway Asbestos Personal Injury Trust |
| Manville Personal Injury Settlement Trust | |

**Aldrich/Murray Personal Injury Questionnaire Document Checklist Summary Inventory**

Are additional copies of any of the Parts of this Questionnaire being submitted? For example, Part 6A, Aldrich Exposure, Part 6B, Murray Exposure, Part 6C, Non Aldrich/Murray Exposure.  If so, please list each part and the number of additional copies below:

| Part | Number of Additional Copies |
|------|------------------------------|
|      |                              |
|      |                              |
|      |                              |
|      |                              |
|      |                              |

| Materials | Included | Not included because does not exist | Not included for other reason (specify) |
|-----------|----------|-------------------------------------|------------------------------------------|
| All Deposition Transcripts taken in any lawsuits listed in Part 8A that relate in any way to the Injured Party's alleged asbestos exposures | ☐ | ☐ | ☐ |
| All Requests for Production of Documents answered on behalf of the Injured Party in any of the lawsuits listed in Part 8A, including the documents produced | ☐ | ☐ | ☐ |
| All Requests for Admission answered on behalf of the Injured Party in any of the lawsuits listed in Part 8A | ☐ | ☐ | ☐ |
| All Answers to Interrogatories answered on behalf of the Injured Party in any of the lawsuits listed in Part 8A | ☐ | ☐ | ☐ |
| All expert reports produced by any party in any lawsuit listed in Part 8A | ☐ | ☐ | ☐ |
| Social Security printout related to the injured party's asbestos | ☐ | ☐ | ☐ |

| | | | |
|---|---|---|---|
| exposures. In the case of household exposure cases, also provide the information for the person who brought home asbestos fibers on his or her clothes. | | | |
| Union records related to the injured party's asbestos exposures. In the case of household exposure cases, also provide the information for the person who brought home asbestos fibers on his or her clothes. | ☐ | ☐ | ☐ |
| Employment records related to the injured party's asbestos exposures. In the case of household exposure cases, also provide the information for the person who brought home asbestos fibers on his or her clothes. | ☐ | ☐ | ☐ |
| Copy of medical records or autopsy report confirming diagnosis of mesothelioma | ☐ | ☐ | ☐ |
| X-ray reports | ☐ | ☐ | ☐ |
| Laboratory tests | ☐ | ☐ | ☐ |
| Medical exam reports | ☐ | ☐ | ☐ |
| All Bankruptcy Trust Claim forms, including attachments thereto | ☐ | ☐ | ☐ |
| Claimants' Optional Authorization for Debtor's Counsel to Obtain Trust Records | ☐ | ☐ | ☐ |

{00364990 v 1 }

## GLOSSARY

1. "Aldrich" means Aldrich Pump LLC. The products for which Aldrich is alleged to be responsible are the same products for which former Ingersoll-Rand Company was alleged to be responsible.
2. "Murray" means Murray Boiler LLC. The products for which Murray is alleged to be responsible are the same products for which former Trane U.S. Inc. was alleged to be responsible.
3. "Injured Party" means the person diagnosed with mesothelioma.
4. "Mesothelioma Claim" means a claim submitted in the Aldrich or Murray (or both) chapter 11 cases.
5. "Mesothelioma Claimant" means a person who has submitted a Mesothelioma Claim.
6. "Non-Aldrich Exposure" means asbestos exposure in any form for which a Mesothelioma Claimant alleges companies other than Aldrich is responsible.
7. "Non-Murray Exposure" means asbestos exposure in any form for which a Mesothelioma Claimant alleges companies other than Murray is responsible.
8. "Pending" means a claim or lawsuit that is not dismissed, settled, or closed.
9. "Primary Exposed Person" means a person who worked with or around asbestos or asbestos-containing products and exposed a Mesothelioma Claimant to asbestos fibers. Examples would be asbestos exposure of the Injured Party allegedly resulting from a person that brought home asbestos fibers on his or her clothes,  (also known as Household Exposure) or asbestos exposure of the Injured Party allegedly resulting from being near a co-worker or other person working with asbestos or asbestos-containing products (also known as Secondary Exposure).
10. "Related Claimant" means a person who is not the Injured Party but who is making a claim that derives from the Injured Party's mesothelioma, either in a representative capacity (e.g., the personal representative of the Injured Party's estate suing for the Injured Party's injuries), or in an independent capacity (e.g., a family member suing for his or her own losses based on the alleged personal injury to or wrongful death of the Injured Party).
11. "Required Settlement Documentation" means all documents required by the Debtors or their predecessors, the former Ingersoll-Rand Company and/or former Trane U.S. Inc. in order to complete, finalize, and process the settlement, including, but not limited to, asbestos exposure information, medical records, and a fully and properly executed agreed form of release.
12. "Secondary Exposure" means alleged exposure of the Injured Party to asbestos through another person (the "Primary Exposed Person") who worked with or around asbestos or asbestos-containing products. An example would be asbestos exposure of the Injured Party resulting from being near a co-worker or other person working with asbestos or asbestos-containing products. "Household Exposure" is a type of Secondary Exposure, where the exposure to asbestos of the Injured Party occurs because the Primary Exposed Person brings home asbestos fibers on his or her clothes.
13. "Settled" means a Mesothelioma Claim for which there is an agreed settlement amount confirmed in writing with one or both of the Debtors or their predecessors, the former Ingersoll-Rand Company and/or former Trane U.S. Inc. prior to June 18, 2020.
14. "Trusts" means asbestos bankruptcy trusts established under either Section 524(g) or Section 105 of the Bankruptcy Code.

**EXHIBIT 3.A**

**EXHIBIT 3.A TO ORDER APPROVING PERSONAL INJURY
QUESTIONNAIRE AND GRANTING RELATED RELIEF**

**Re:** ***In re Aldrich Pump LLC, et al.***
**Case No. 20-30608 (JCW)**
**United States Bankruptcy Court**
**for the Western District of North Carolina**

___*Instructions:*___ *This joinder must be executed by an authorized representative of any corporation, partnership, company, or firm required to execute a joinder pursuant to paragraph 4.h of the above-referenced Order.*

**A C K N O W L E D G E M E N T**

On behalf of _____ [*name of entity*] ("**Company**"), I and other employees, officers, agents, and representatives of the Company may be given access to Questionnaire Responses. All Questionnaire Responses constitute confidential and protected information in connection with the above-referenced Order Approving Personal Injury Questionnaire and Granting Related Relief (the "**PIQ Order**"), entered by the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the above-referenced chapter 11 cases. Capitalized terms used in this Acknowledgment but not otherwise defined herein shall have the meanings ascribed to them in the PIQ Order.

I have read the PIQ Order on behalf of the Company as part of performing its duties to _____ [*name of the Party or other client for whom the Company is rendering services in connection with the bankruptcy cases*]. I understand the conditions and obligations of confidentiality, and use restrictions, that the PIQ Order makes applicable to Questionnaire Responses. By my signature below, the Company, for itself and all of its employees, officers, agents, and representatives who receive access to Questionnaire Responses, hereby accepts and agrees to be bound by, and to abide by, those conditions, obligations, and restrictions. On Company's behalf, I represent that the Company has made, or will make the PIQ Order and this joinder known in advance to all of the Company's employees, officers, agents, and representatives who are to receive access to Questionnaire Responses, so that they will be on notice of the Company's duties in connection therewith and their own responsibilities to ensure compliance with the PIQ Order.

The Company, its employees, officers, agents, and representatives will not disclose any Questionnaire Responses to any person not authorized by the PIQ Order, or further order of the Bankruptcy Court, to receive such information. They will not use Questionnaire Responses for any purpose other than those permitted by the PIQ Order, except as may be specifically authorized by further order of the Bankruptcy Court pursuant to paragraph 18 of the PIQ Order.

Pursuant to paragraph 15 of the PIQ Order, except as otherwise provided in a confirmed Chapter 11 plan of reorganization for the Debtors (the "**Plan**"), the Company will destroy or cause to be destroyed all Questionnaire Responses within one year of the date of substantial consummation of the Plan, and will promptly certify such destruction in writing to counsel of

record for the Debtors, the Reorganized Debtors, the ACC, and the FCR, unless relieved of that obligation by a specific provision of the Plan authorizing the Company to turn over Questionnaire Responses to an asbestos trust created pursuant to the Plan.

The Company and I (in my individual capacity and my capacity as a representative of the Company) consent to the exclusive jurisdiction and venue of the Bankruptcy Court for any action to interpret, apply, and enforce the terms of the PIQ Order and this joinder.

I represent that I am duly authorized to execute this joinder on behalf of the Company.

By: _____

Print Name: _____

Title: _____

Company: _____

Address: _____

_____

Dated: _____

Relationship to Company: _____

2

**EXHIBIT 3.B**

**EXHIBIT 3.B TO ORDER APPROVING PERSONAL INJURY
QUESTIONNAIRE AND GRANTING RELATED RELIEF**

**Re:  *In re Aldrich Pump LLC, et al.*
Case No. 20-30608 (JCW)
United States Bankruptcy Court
for the Western District of North Carolina**

<u>*Instructions*</u>*:  This joinder must be executed by any individual required to execute a joinder in his or her individual capacity pursuant to paragraph 4.h of the above-referenced Order (for example, a self-employed expert or a witness).*

**A C K N O W L E D G E M E N T**

I may be given access to certain confidential and protected information in connection with the above-referenced Order Approving Personal Injury Questionnaire and Granting Related Relief (the "**PIQ Order**"), entered by the United States Bankruptcy Court for the Western District of North Carolina (the "**Bankruptcy Court**") in the above-referenced chapter 11 cases.

I have read the PIQ Order.  Capitalized terms used in this joinder but not otherwise defined herein shall have the meanings ascribed to them in the PIQ Order.  I understand the conditions and obligations of confidentiality, and use restrictions, that the PIQ Order makes applicable to Questionnaire Responses and hereby accept and agree to be bound by, and to abide by, those conditions, obligations, and restrictions.

I will not disclose any Questionnaire Responses to any person not authorized by the PIQ Order, or further order of the Bankruptcy Court, to receive such information.  I will not use Questionnaire Responses for any purpose other than those permitted by the PIQ Order, except as may be specifically authorized by further order of the Bankruptcy Court pursuant to paragraph 18 of the PIQ Order.

Pursuant to paragraph 15 of the PIQ Order, except as otherwise provided in a confirmed Chapter 11 plan of reorganization for the Debtors (the "**Plan**"), I will destroy all Questionnaire Responses within one year of the date of substantial consummation of the Plan, and will promptly certify such destruction in writing to counsel of record for the Debtors, the Reorganized Debtors, the ACC, and the FCR, unless relieved of that obligation by a specific provision of the Plan authorizing me to turn over Questionnaire Responses to an asbestos trust created pursuant to the Plan.

I consent to the exclusive jurisdiction and venue of the Bankruptcy Court for any action to interpret, apply, and enforce the terms of the PIQ Order and this joinder.

By: _____

Print Name: _____

Title: _____

Company: _____

Address: _____

_____

Dated: _____

NAI-1515257197