FILED & JUDGMENT ENTERED
Christine F. Winchester

January 23 2026

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Lena Mansori James
US Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| ALDRICH PUMP LLC, *et al.*,[1] | Case No. 20-30608 (LMJ) |
| Debtors. | (Jointly Administered) |

**ORDER COMMENCING PHASE I OF THE ESTIMATION TRIAL WITH HEARINGS BASED ON THE TORT SYSTEM EXTRAPOLATION METHOD AND THE PARTIES' EXPERT REPORTS**

This matter coming before the Court on the *Future Asbestos Claimants' Representative's Motion for an Order Commencing the Estimation Trial with Hearings Based on Tort System Values and the Parties' Expert Reports* [Dkt. 2941] (the "Motion"),[2] filed by Joseph W. Grier, III, the Future Claimants' Representative in the above-captioned case (the "FCR"), and considering the responses thereto, including responses filed by the ACC, the Debtors, and certain claimants represented by Maune Raichle Hartley French & Mudd [Dkts. 2969, 2972, 2973], the Court having reviewed the Motion, the responses, and having heard the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1 The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Aldrich Pump LLC (2290) and Murray Boiler LLC (0679). The Debtors' address is 800-E Beaty Street, Davidson, North Carolina 28036.

2 Capitalized terms not otherwise defined herein have the meaning given to them in the Motion.

1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (d) notice of the Motion and an opportunity for a hearing on the Motion was sufficient under the circumstances, (e) conducting an estimation hearing in phases may serve to advance these cases, and (f) the Court having determined that the legal and factual bases set forth in the Motion, the responses, and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. For the reasons set forth on the record at the December 17, 2025 and January 15, 2026 hearings, the Motion is granted as set forth herein.

2. As set forth on the record at the above-referenced hearings, the estimation process and all related discovery are hereby bifurcated into: (a) Phase I – where the Court will make a finding estimating the Debtors' liability for current and future asbestos claims by using the tort system extrapolation method, using the Debtors' settlement and verdict history, and will not address the Debtors' legal liability theory, and (b) Phase II – where the Court, if necessary, will hear evidence at a date to be determined concerning any alternative estimation methodologies set forth in the Initial Expert Reports, as appropriately supplemented, and not considered by the Court in Phase I.

3. Trial for the Phase I estimation will commence on August 10, 2026 and continue through August 14, 2026 (as needed) (the "<u>Phase I Estimation Hearing</u>").

4. At the Phase I Estimation Hearing, the scope of the evidence, consistent with F.R.C.P. Rule 26(a)(2), shall be limited to (a) the opinions, and support thereof, asserted in the Initial Expert Reports prepared by and exchanged between Charles Mullin (Bates White), Andrew Sackett (LAS), and Paul Hinton and David McKnight (The Brattle Group) relevant to the tort

system extrapolation method, and (b) any rebuttal expert reports. No further fact discovery will be permitted before the Phase I Estimation Hearing.

5. Rebuttal reports, if any, for Phase I shall be limited to rebutting the Initial Expert Reports and shall be produced and served in a form that complies with Civil Rule 26(a)(2) no later than March 27, 2026. Any and all reliance materials for any rebuttal report shall be produced and served no later than April 10, 2026.

6. All expert depositions or other discovery of the experts for the Phase I Estimation Hearing shall be concluded on or before May 15, 2026.

7. All Parties shall file and serve any pre-hearing motions no later than June 25, 2026, with such motions to be heard by the Court on July 23, 2026. Responses shall be due on July 16, 2026. No replies shall be permitted.

8. Each Party shall exchange with the Parties the exhibits that such Party intends to use or may use in its case in chief (pre-marked for identification) on or before July 17, 2026. A Party's exchanged exhibits need not include (a) demonstratives or (b) exhibits to be called or used solely for impeachment.

9. The Parties shall meet and confer in good faith to reach resolutions regarding any objections to the admissibility of exhibits or no later than July 27, 2026. If no resolution can be reached, the basis for any objections to the admissibility of exhibits shall be filed and served no later than August 3, 2026.

10. A pretrial conference shall be held on July 23, 2026, during the already scheduled omnibus hearing.

11. All Parties shall file and serve pretrial briefs no later than August 3, 2026. No responses shall be permitted.

12. Phase II of the estimation process shall be stayed until this Court holds the Phase I Estimation Hearing and issues an estimate based on the tort system extrapolation method (the "Phase I Ruling"). This Phase I Ruling shall not constitute or be construed as a ruling on whether the tort system extrapolation method, or any other methodology, is the proper methodology for estimating the Debtors' asbestos liabilities.

13. Following the Phase I Ruling, the parties shall meet and confer regarding commencing the Phase II process. At the next omnibus hearing occurring more than thirty (30) days after the Phase I Ruling, the Court shall hold a status conference with respect to Phase II to discuss the parties' positions as to a case management order for the commencement of Phase II, including remaining discovery and other matters related to Phase II. Notwithstanding this meet and confer requirement and status conference with respect to the commencement of Phase II, the parties may at the same time use the Phase I Ruling to determine whether they can resolve the cases based on that ruling, the Court may order mediation, or the parties may agree to mediate or any party may take any other action.

14. The bifurcation of the estimation process and the stay applied to Phase II of the estimation process shall not waive, abrogate, or infringe any party's ability to pursue an estimation of the Debtors' asbestos-related liabilities pursuant to any methodology and related opinions set forth in the applicable party's Initial Expert Report, as appropriately supplemented, and not considered by the Court in Phase I.

15. This Court shall retain exclusive jurisdiction to hear and determine all matters involving the interpretation, implementation, or enforcement of this Order.

This Order has been signed electronically.
The Judge's signature and Court's seal appear
at the top of the Order.

United States Bankruptcy Court